**In re Bill Brandon BEARD, Peggy Jane Beard, Debtors.**

**Conrad J. MORGENSTERN, United States Trustee, Appellant,**

**v.**

**Bill Brandon BEARD, Peggy Jane Beard, Appellees.**

Bankruptcy No. 91–03786.

Nos. C–2–92–107, C–2–92–176.

United States District Court,
S.D. Ohio,
Eastern Division.

March 25, 1993.

Charles Caldwell, U.S. Bankruptcy Court, Columbus, OH, for appellant.

M. Scott Michel, U.S. Trustee.

Charles William Ewing, Hilliard, OH, for debtors.

Frank Pees, Chapter 13 Trustee, Worthington, OH.

### OPINION AND ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider the consolidated appeals of the United States Trustee, Conrad J. Morgenstern, taken from the orders of the bankruptcy court denying confirmation of a Chapter 12 reorganization plan and confirming an amended Chapter 12 plan. District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a).

On May 16, 1991, Bill and Peggy Beard filed a bankruptcy petition seeking relief under the family farmer provisions of Chapter 12 of the Bankruptcy Code. 11 U.S.C. §§ 1201–1231. Subsequently, the Beards submitted a plan for confirmation by the bankruptcy judge. The Chapter 12 standing trustee opposed confirmation on several grounds. Specifically, the trustee objected to provisions in the plan allowing the Beards to pay certain claims directly to creditors instead of through the Chapter 12 trustee. On November 4, 1991, the bankruptcy court denied confirmation but nonetheless permitted direct payments to two secured creditors: Farm Credit Services ("FCS") and Farmers' Home Administration ("FmHA"). Further, the bankruptcy court invited the trustee to apply to the court for additional compensation if he believes his compensation is otherwise inadequate. The bankruptcy code does not expressly authorize compensation by means of application to the court. Nonetheless, the bankruptcy court claimed that 11 U.S.C. § 105(a), which grants considerable discretionary power, enabled it to award compensation in this manner.

On December 3, 1991, the United States Trustee filed a notice of appeal from the November 4, 1991 Order. The Beards then submitted an amended plan, and on February 4, 1992, the bankruptcy court entered an Order Confirming Chapter 12 Plan As Amended. The United States Trustee filed a notice of appeal from the confirmation order issued on February 5, 1991. These appeals were consolidated pursuant to an order issued by this Court on March 5, 1992.

FCS is a fully secured creditor, and 11 U.S.C. § 1225(a)(5)(B)(ii) specifically permits payments of secured claims by either the debtor or the trustee. Accordingly, the trustee does not object to the bankruptcy court's decision to allow direct payments to FCS. The trustee, however, does object to direct payments to FmHA, an undersecured creditor. Additionally, the trustee objects to the bankruptcy court's method for awarding compensation. Thus the issues presented for this Court's consideration are as follows:

1. Whether the Bankruptcy Court erred in confirming Debtor's amended Chapter 12 plan of reorganization which permitted the Debtors to pay directly an impaired secured claim; and

2. Whether the Bankruptcy Court may invoke its powers under 11 U.S.C. § 105 to compensate a Chapter 12 standing trustee appointed pursuant to 28 U.S.C. § 586(b).

The Court will consider each of these issues in turn.

### Direct Payment to FmHA

█ FmHA is an unsecured creditor whose rights are modified under the Chapter 12 plan. This Court has previously ruled that direct payment of impaired claims are permissible under the language of Chapter 12. *In re Overholt*, 125 B.R. 202, 206 (S.D.Ohio 1990). Notwithstanding, the trustee requests that *Overholt* be modified or overruled.

The trustee argues that, because of the manner in which Chapter 12 trustees are compensated, direct payments on impaired claims improperly deprive him of the statutory fee to which he is entitled. To understand the trustee's argument, a brief overview of trustee compensation is necessary. The trustee's maximum fee in family farm cases is 10% on payments up to $450,000 and 3% on payments in excess of $450,000. 28 U.S.C. § 586(e)(1)(B)(ii). The trustee's fee may be assessed on "all payments received

by [the trustee]." 28 U.S.C. § 586(e)(2). This provision can be interpreted to mean that "the standing chapter 12 trustee ... cannot collect a percentage fee with regard to payments under a plan made directly by the debtor to a creditor rather than through the United States trustee."[1] Thus, a fee would not be assessed on those payments made directly to FmHA.

"If debtors could pay their modified secured claims directly and avoid the trustee's fee all together, they would always do so." Appellant Br. at 11. As a result, the fiscal viability of the trustee system would be threatened. Thus, the trustee requests this Court to reverse *Overholt* and rule that impaired claims must always be paid through the trustee.

In support of his request, the trustee cites to *In re Fulkrod*, 126 B.R. 584 (9th Cir. BAP 1991), where the Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court's order directing impaired claims to be paid through the Chapter 12 trustee. The BAP relied upon the language in 11 U.S.C. § 1226(c)[2], and found that

> Congress intended to use the term "under the plan" to mean those payments which result from the operation of Chapter 12 bankruptcy law. Those payments should be made by the trustee, and the trustee's fee should be assessed against the funds received from the debtor for that purpose. Typically, those payments will involve impaired claims which the debtor could not insist upon but for the protections of Chapter 12. To have those protections, the Chapter 12 debtor must support the trustee's office which is so integral a part of the Chapter 12 statutory scheme.

*Id.* at 588.

Notably, the argument made by the *Fulkrod* court was considered and rejected by this Court in *Overholt*.

> The trustee ... argues that impaired claims are those for which the courts have judicially altered the rights of the creditor,

and by so doing have placed the payments under the reorganization plan. The trustee relies on several cases which have held that "modified" claims were claims that were "under the plan," and were thus subject to the statutory fees. (citations omitted). But examination of these cases reveals that they are inapposite to the present controversy, yielding little of value upon which to base any conclusion as to the correct interpretation of the disputed statutes.

*Overholt*, 125 B.R. at 210. Similarly, *Fulkrod* also fails to sufficiently account for the differences between the various provisions of Chapter 12. To buttress its conclusion, the *Fulkrod* court did not cite to a case, a statute, or legislative history. Instead, the court simply concludes that, while "there appears to be no distinction ... between impaired and unimpaired claims among the statutes authorizing the debtor to disburse payments," *Fulkrod*, 126 B.R. at 587, impaired claims nonetheless should be paid through the trustee.

Consequently, while appreciating the trustee's concern, this Court nonetheless declines his invitation to modify or reverse *Overholt*. The trustee simply has failed to persuade this Court—either through new arguments or case law—that the holding in *Overholt* is no longer valid. Further, *Fulkrod* is not inconsistent with *Overholt*:

> While we do not conclude that impaired claims must always be disbursed by the trustee, or that unimpaired claims must always be disbursed by the debtor, we hold that the trustee's statutory fees should be assessed against all payments made by the trustee, and that the trustee should disburse all payments on impaired claims in the absence of a contrary plan provision.

*Fulkrod*, 126 B.R. at 588. Hence, the BAP did not completely foreclose the prospect of direct payments to an impaired creditor.

---

1. 5 *Collier on Bankruptcy*, ¶ 1202.01, at 1202–10 (15th ed. 1990). In fact, this Court has so interpreted section 586(e)(2). *Overholt*, 125 B.R. at 207.

2. Section 1226(c) provides: "[e]xcept as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors *under the plan*." 11 U.S.C. § 1226(c) (emphasis added).

Accordingly, *Overholt* is controlling in the instant case. The bankruptcy court's decision to permit direct payments to the FmHA will therefore be reviewed for abuse of discretion. *Overholt*, 125 B.R. at 212–13; *Fulkrod*, 126 B.R. at 588.

Upon review, this Court cannot conclude that the bankruptcy court abused its discretion. The bankruptcy court properly applied the test enunciated in *Overholt*, and found that circumstances in the instant case warrant direct payment to FmHA. Moreover, the bankruptcy court recognized that plans providing for direct payment of impaired claims "should not be permitted routinely," *In re Beard*, 134 B.R. 239, 244 (Bankr. S.D.Ohio 1991), but nonetheless found "direct payments [to be] particularly appropriate in this case," *id.* Because the bankruptcy court's ruling does not constitute an abuse of discretion, it is hereby **AFFIRMED.**

### Trustee Compensation

■ To insure adequate compensation, the bankruptcy court invited the trustee to apply to the court for additional compensation. While the bankruptcy code does not expressly permit the bankruptcy court to award compensation in this manner, the court relied upon 11 U.S.C. § 105, which provides in pertinent part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this *title*." 11 U.S.C. § 105(a) (emphasis added).

The trustee, however, asserts that the bankruptcy court improperly employed section 105.

Although section 105(a) grants the Bankruptcy Court equitable power, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 [108 S.Ct. 963, 968–69, 99 L.Ed.2d 169] (1988).

*In re Middleton Arms, Ltd.*, 934 F.2d 723, 724 (6th Cir.1991). According to the trustee, 11 U.S.C. § 326(b) [3] precludes the bankruptcy court from awarding compensation to a standing trustee appointed under 28 U.S.C. § 586(b). Thus, the trustee asserts the court lacked authority because it did not act within the "confines of the Bankruptcy Code" when it invoked section 105(a) to devise a new procedure for compensating the trustee.[4]

At present, the Court declines to consider this issue because it is not ripe for review. While the bankruptcy judge indicated that he would entertain an application for additional compensation, such action has not yet occurred. Should the court order the trustee to submit an application for compensation, or in fact award additional compensation to the trustee, this issue will then be ripe for review.

**WHEREUPON,** upon consideration and being duly advised, the Court **AFFIRMS** the bankruptcy court insofar as it permitted the Beards to make direct payments to the FmHA, an impaired creditor. The Court, however, declines to review the bankruptcy court's offer to receive fee requests from the trustee.

**IT IS SO ORDERED.**

---

3. Section 326(b) provides:
   In a case under chapter 12 ... of this title, the court may not allow compensation for services or reimbursement of expenses of the United States trustee or of a standing trustee appointed under section 528(b) of title 28....
   11 U.S.C. § 326(b).

4. In contrast to the trustee's assertion, the bankruptcy court states: "[n]owhere in the Bankruptcy Code does Congress preclude such payments." *In re Beard*, 134 B.R. at 248. Without deciding this issue, the Court notes that there exists authority contrary to the bankruptcy court's position. *In re Schollett*, 980 F.2d 639, 643 (10th Cir.1992) ("[I]n cases under Chapter 12 ... 11 U.S.C. § 326(b) denies the bankruptcy court the power to allow compensation for a United States Trustee acting as a case-by-case trustee or for a standing trustee appointed under 28 U.S.C. § 586(b)."). *See also* 2 *Collier on Bankruptcy*, ¶ 326.02[2], at 326–38 n. 16 (15th ed. 1990) ("[Section 326(b)] prevents compensation by the court.").