In re Robert P. MILLER, also known as Dink Miller, doing business as Miller Aviation; and Mitzi Miller, Debtors.

Robert P. Miller and Mitzi Miller, Appellants—Cross–Appellees,

v.

United States Trustee, Appellee— Cross–Appellant,

Ronald E. Holmes, Trustee, Appellee.

BAP Nos. NM–01–091, NM–01–098. Bankruptcy No. 98–13174.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 3, 2003.

Jennie D. Behles of J.D. Behles & Associates, a Commercial Law Firm, P.C., Albuquerque, New Mexico, for Appellants—Cross-Appellees.

Ronald E. Andazola, Assistant United States Trustee (Joel Pelofsky, United States Trustee, with him on the brief), Albuquerque, New Mexico, for Appellee—Cross-Appellant.

Ronald E. Holmes, pro se.

Before PUSATERI, CORNISH, and NUGENT, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

Robert and Mitzi Miller ("Debtors") appeal from the bankruptcy court's order, which reduced the amount of attorney fees requested and directed that payment of the approved fees be made through the plan. The United States Trustee ("U.S. Trustee") filed a cross-appeal seeking remand of the bankruptcy court's decision regarding the reasonableness of attorney fees awarded for time spent on the confirmation of Debtors' plan. For the reasons set forth below, we affirm the bankruptcy court's order.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). The parties have not chosen to have this appeal heard by the United States District Court for the District of New Mexico; therefore, they are deemed to have consented to jurisdiction of the Bankruptcy Appellate Panel. *Id.* § 158(c)(1)(A)-(B); Fed. R. Bankr.P. 8001(e). Both the appeal and cross-appeal were timely filed, and the bankruptcy court's orders are "final" within the meaning of 28 U.S.C. § 158(a)(1).[1]

1. After an examination of the record, this    Court has determined that Debtors' response

■ The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Fed. R. Bankr.P. 8013. We review the bankruptcy court's conclusions of law *de novo*, will overturn factual findings only if they are clearly erroneous, and review discretionary matters for abuse. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). A bankruptcy court's award of attorney fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law. *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.)*, 997 F.2d 1321, 1323–24 (10th Cir.1993); *In re Abraham*, 221 B.R. 782, 783 (10th Cir. BAP 1998).

## BACKGROUND

The Debtors filed a voluntary petition pursuant to Chapter 12 of the Bankruptcy Code in May of 1998. They were engaged in farming and ranching operations and also operated a flying service. The Assistant U.S. Trustee, Ron E. Andazola, was designated as trustee in the case. Debtors' first attorney withdrew, and Debtors entered into a contract with J.D. Behles & Associates, P.C. to represent them in the bankruptcy. This contract included a fee schedule, which listed specific hourly rates for attorneys and staff of the Behles firm. Its senior attorney, Jennie Behles, ("Behles") was listed at a rate of $225 an hour.[2] The contract also included a paragraph stating that attorney fees would be subject to court approval. After several plans were submitted, an Order of Confir-

mation of Chapter 12 Plan ("Confirmation Order") was entered on November 17, 1999. The Confirmation Order provided that secured creditors would be paid by Debtors directly, and that Behles would be paid four payments each year upon application and approval of the fees by the court. In March of 2000, Ron Andazola resigned as trustee, and Ronald Holmes was appointed successor trustee.

On June 1, 2000, Behles filed her First Fee Application seeking an hourly rate of $225. The Application requested $73,512.50 for legal services, state taxes of $4,251.92, and expenses of $2,481.88, for a total of $80,246.30. Behles requested that all fees and expenses be paid as administrative expenses pursuant to 11 U.S.C. § 503, and that Debtors pay all fees, costs and expenses in accordance with the confirmed plan. The bankruptcy court held an evidentiary hearing on the Fee Application. Evidence was presented by both Behles and the U.S. Trustee regarding appropriate hourly rates charged by other attorneys. The bankruptcy court issued its ruling setting Behles's hourly rate at $200 as appropriate for an attorney with her years of experience in that locale. It also disallowed some work as unreasonable, and awarded attorney fees of $68,902.50 plus taxes, and $2,481.88 for expenses. The court also examined the language of the confirmed plan and Confirmation Order and determined that payment of attorney fees should be made through the plan.

Debtors filed a Motion for Reconsideration, which was denied by the bankruptcy

---

to our Order to Show Cause resolves the issue of the finality of the order below and the timeliness of the appeal. Also, Debtors' Motion Requesting that Relevant Entries in the Bankruptcy Docket be Exempt from the Appendix is granted.

**2.** It is interesting to note that the Order Approving Employment of J.D. Behles & Associates, P.C. as Debtors' counsel approved an hourly rate for Behles of $200.00. Behles claimed that she never received notice of the entry of this order and that hourly rates were not approved.

court, and this appeal ensued. The U.S. Trustee has filed a cross-appeal seeking a determination that the fees awarded were excessive.

## DISCUSSION

Debtors raise eight issues on appeal that challenge the bankruptcy court's reduction of the attorney fee application and its determination that the fees are to be paid through the plan to the Chapter 12 Trustee. The U.S. Trustee challenges the bankruptcy court's finding that he did not adequately support his contention that the total hours spent by Behles on confirmation of Debtors' plan were excessive. Both appeals essentially involve only two grounds for appeal: 1) whether the bankruptcy court erred when it reduced the hourly rate of Debtors' attorney and entered its finding regarding the amount of attorney fees to be awarded to Debtors' attorney; and 2) whether the bankruptcy court erred in determining that the attorney fee should be paid through the plan as administrative expenses rather than being paid directly to Debtors' attorney.

■ As to the first issue, Debtors argue that the bankruptcy court applied an erroneous legal standard when it reduced Behles's hourly rate. The award of attorney fees in a bankruptcy is governed by 11 U.S.C. § 330. A bankruptcy court may award "reasonable compensation for actual, necessary services rendered...." 11 U.S.C. § 330(a)(1)(A). In determining what is "reasonable" the court must consider the nature, extent, and value of the services by taking into account the following relevant factors:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was ren-

dered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). It is this last factor regarding fees charged by practitioners in non-bankruptcy cases that Debtors believe the bankruptcy court incorrectly applied.

■ Debtors' counsel argues that the bankruptcy court should have focused on the hourly rate charged by non-bankruptcy attorneys as required by 11 U.S.C. § 330(a)(3)(E). This is an incorrect reading of the statute. The statute provides that the rate charged by non-bankruptcy attorneys is but one factor to consider in determining what is reasonable. The bankruptcy court relied upon the law of our circuit in determining the reasonableness of the fee by comparing it to hourly rates in the local area. *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir.1983) (fee rates of the local area should be applied to lawyers from other areas seeking fees except in unusual circumstances); *In re Frontier Airlines, Inc.,* 74 B.R. 973, 977 (Bankr. D.Colo.1987) (the court may award attorney fees based on the rates charged by the attorney in the locale where he ordinarily practices.). The bankruptcy court further relied upon the factors enumerated in 11 U.S.C. § 330(a)(3). This Court therefore concludes that the bankruptcy court correctly applied the law in determining the reasonableness of the fees requested.

■ Both Debtors and the U.S. Trustee argue that the bankruptcy court's order regarding attorney fees is not supported

by the evidence. Debtors argue that the bankruptcy court erred in its factual finding that Behles's hourly rate should be reduced from $225.00 to $200.00 an hour and its further findings that some fees should be disallowed. The U.S. Trustee argues that the bankruptcy court should have made further reductions in the fees requested based on evidence presented. This Court will reverse findings of fact only if they are clearly erroneous. Upon review of the record and the bankruptcy court's opinion, this Court concludes that the findings of fact were not clearly erroneous but were supported by the evidence. The bankruptcy court was presented with sufficient evidence that justified its reduction of Behles's hourly rate. It considered the hourly rates of bankruptcy attorneys in its jurisdiction and adjusted for Behles's experience. As for the total amount of fees approved, the bankruptcy court reviewed the time records submitted and gave logical explanations for the amounts it disallowed. Although the U.S. Trustee argues that the testimony of Joe Parker, attorney for the principal secured creditor, supported a significant reduction in the fees requested, the bankruptcy court chose to believe the testimony of Behles regarding the necessity of the hours spent on the case. Its decision regarding the reasonableness of the hours is not clearly erroneous and is supported by the evidence.

The second major issue on appeal is whether payment of the attorney fees was properly ordered to be made through the plan as an administrative expense as opposed to being paid outside the plan and directly to Behles. The bankruptcy court reviewed the language of the Confirmation Order and made reference to the plan in deciding this issue. The Confirmation Order specifically provided that secured creditors would be paid directly by the Debtors, not through the plan, but there was no such language regarding payment of attorney fees. The absence in the Confirmation Order of a specific provision for payment of attorney fees outside the plan led the court to determine that attorney fees were to be paid through the plan. Further support for this decision is found in the plan itself. It stated that professional fees, including attorney fees, were to be paid as administrative expenses through the plan. We find that the bankruptcy court's decision that attorney fees were to be paid through the plan is supported by the evidence. The court properly relied on the Confirmation Order and the plan in arriving at its decision. The court's decision is also supported by case law, which holds that administrative expense payments should be monitored by the trustee as part of his statutorily-imposed duties and, therefore, should be made through the plan. *See In re Beard,* 134 B.R. 239, 245–46 (Bankr.S.D.Ohio 1991), *aff'd,* 177 B.R. 74 (S.D.Ohio 1993) (appeal did not include issue of direct payment of attorney's fees), *aff'd,* 45 F.3d 113 (6th Cir. 1995); *In re Heller,* 105 B.R. 434 (Bankr. N.D.Ill.1989).

Debtors also appeal the bankruptcy court's denial of their Motion for Reconsideration. Having reviewed Debtors' Motion, this Court concludes that Debtors did not raise any new issues that would qualify as grounds for granting their Motion. Therefore, the Motion to Reconsider was properly denied by the bankruptcy court.

## CONCLUSION

For the reasons stated herein, the order of the United States Bankruptcy Court for the District of New Mexico is AFFIRMED.