**In re Leon Dewey GATTON and Joan Elaine Gatton, Debtors.**

**Bankruptcy No. 96–10239 RJB.**

United States Bankruptcy Court, D. Colorado.

April 30, 1996.

Ellen R. Welner, Englewood, Colorado, for Debtors.

John Seibert, Denver, Colorado, for Chapter 13 Trustee, Sally J. Zeman.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on April 29, 1995, on the Debtors' Motion to Confirm Chapter 13 Plan and the Objection thereto filed by the chapter 13 Trustee. The Trustee's sole objection is that the proposed Chapter 13 Plan does not meet the "best-interest-of-creditors" test under 11 U.S.C. § 1325(a)(4).

That Code section reads as follows:

(a) Except as provided in subsection (b), the court shall confirm a plan if . . . (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date; . . .

The undisputed facts are as follows. The Debtors own a residence valued at $50,000 which has a $18,300 outstanding lien. The Debtors have properly claimed the Colorado

homestead exemption of $30,000. This leaves $1,700 of nonexempt equity in that residence.

The Debtors own personal property valued at $14,923. The Debtors have properly claimed various Colorado exemptions totaling $9,724. This leaves $5,199 of nonexempt equity in the personal property.

If all of the real and personal property were liquidated in a chapter 7 proceeding there would be $1,352 in administrative expenses. In addition, the costs of sale and capital gains tax payable by a chapter 7 trustee would be $6,016. Using these figures, unsecured creditors would receive nothing in a chapter 7 liquidation. Under the proposed Chapter 13 Plan they would receive $1,795.

However, the Chapter 13 Trustee points out that in the real world a chapter 7 Trustee would not liquidate the residence because it would cost more in real estate commissions alone (not even counting the trustee's capital gain tax liability) than what is available in nonexempt equity. Therefore, it is argued, a chapter 7 Trustee would abandon the residence and only liquidate the personal property, which would result in a net payment to unsecured creditors of $3,400.

The question is thus presented. When the Code requires that a hypothetical chapter 7 liquidation be conjured up, does it mean a hypothetical liquidation based upon pure mathematical calculations?

This Court will rely on the plain meaning of the words of the statute. Section 1324(a)(4) requires a comparison of "the value ... to be distributed under the plan" with the "amount that *would be paid* ... under chapter 7." [Emphasis added].

■ Case law and treatises alike indicate that we are not to just mechanically determine the amount of the nonexempt equity and use that as the "amount that would be paid." Rather we must reduce that amount by the anticipated chapter 7 administrative expenses and by the anticipated costs of sale. *See, e.g., In re Barth,* 83 B.R. 204 (Bankr.D.Conn.1988). In addition, we must now take into consideration a hypothetical capital gains tax that would be payable by a

chapter 7 trustee. *In re Card,* 114 B.R. 226 (Bankr.N.D.Cal.1990). Thus, it follows, that we must go the next step and determine what a hypothetical chapter 7 Trustee would do when faced with a property that would bring no net gain to the estate if it were liquidated.

As stated by Collier:

The determination regarding what property creditors would receive in a liquidation should also take into account the administrative expenses that would be incurred in a chapter 7 case. In nominal asset cases, when the debtor's nonexempt assets do not exceed one thousand dollars or so and administrative expenses would consume all or virtually all of those assets, most courts would discourage a chapter 7 trustee from administering the estate at all, so unsecured creditors would receive no distributions. It follows, then that in nominal asset chapter 13 cases, the unsecured creditors are entitled to no minimum amount of payments under section 1325(a)(4). 5 Collier On Bankruptcy ¶ 1325.05[d] (15th ed. 1995).

Debtors bring forth the proverbial "parade of horrors" by arguing that if we separate the assets on a piecemeal basis and only select those assets where there will be a positive net amount after deductions for exemptions, administrative expenses, costs of sale, etc., then we will end up with countless arguments and disputes between creditors and debtors as to the relative worth of including or excluding specific assets from our hypothetical chapter 7 calculations. That may be so, but it is not for this Court to re-write the Code. This Court holds that if we are to construct a hypothetical chapter 7 liquidation, which we must under § 1325(a)(4), we should do so to the best of our ability by taking into consideration all the factors that would bear upon an actual chapter 7 liquidation. In this case, just considering the normal real estate commission of 6%, the costs of sale of the Debtors' residence would greatly exceed the equity available to chapter 7 creditors and that a rational chapter 7 trustee would abandon the residence to the Debtors. This means that the $1,700 that initially appeared to be present

for distribution to chapter 7 creditors is no longer there and that it should not be included in the determination of the value of Debtors' interest in nonexempt property, nor should any of the previously estimated costs of sale or administrative expenses associated with the sale of the residence be considered. When the residence is thus eliminated from the calculations, it appears that the Debtors have failed to meet the requirements of 11 U.S.C. § 1325(a)(4). It is, therefore,

ORDERED that the Motion to Confirm Chapter 13 Plan is denied. The Debtors are to file an amended plan, a motion to convert to chapter 7, or motion to dismiss within ten (10) days. Failure to elect one of these options shall result in dismissal of this case without further notice or hearing.