**In re David Eugene GANTZ, doing business as DE Gantz Trucking, Debtor.**

**Georg JENSEN, Appellant,**

v.

**David Eugene GANTZ and the United States Trustee, Appellees.**

**BAP No. WY–96–050.**

**Bankruptcy No. 93–20145.**

United States Bankruptcy Appellate Panels of the Tenth Circuit.

July 15, 1997.

---

1000

Georg Jensen, pro se.

Paul Hunter, Assistant United States Trustee, Cheyenne, WY, for United States Trustee.

Before McFEELEY, Chief Judge, PEARSON, and CORNISH, Bankruptcy Judges.

## OPINION

PEARSON, Bankruptcy Judge.

### NATURE OF CASE

In this Chapter 13 case, Georg Jensen appeals from an order of the United States Bankruptcy Court for the District of Wyoming barring him from collecting attorney's fees he alleges are due from the debtor. While this Court concludes that the trial court erred when it held that any claim Jensen had against the debtor for certain fees was *discharged* upon completion of the plan, the judgment of the trial court must be affirmed on other grounds.

### FACTS

The debtor originally filed for relief under Chapter 11 in 1993. Jensen was appointed as counsel to represent the debtor-in-possession. The debtor initially filed a fraudulent conveyance action and then appealed after the trial court granted summary judgment in favor of the defendants. In September 1993 the debtor converted the case to Chapter 13. Ultimately, the appeal was settled for $2,250. The settlement was paid to the trustee for distribution to creditors.

The trial court confirmed an amended Chapter 13 plan on December 13, 1993. Jensen drafted the plan which provided that debtor's attorney fees would be paid in three equal installments "subject to fee application and itemization to the Court." (*See* Appellee's App. at 3.)

In July of 1994, Jensen submitted a fee application for $7,844.90 to be paid through the plan, including fees incurred during the Chapter 11 case and for prosecuting the appeal. The Chapter 13 trustee objected. On November 1, 1994, the trial court entered an order allowing $6,440 in fees and expenses. The court rejected the request for $1,104 in fees relating to the appeal. It then gave Jensen ten days in which to file a supplemental memorandum in support of the additional $1,104 in fees and costs. (*See id.* at 11.)

However, nothing in the record indicates that Jensen filed the memorandum requested by the court or appealed the order disallowing part of the requested fees. Instead, on November 10, 1994, Jensen wrote Gantz requesting that he pay the disallowed attor-

ney's fees as they would not be paid through the plan. (*Id.* at 16.) On August 26, 1996, the debtor completed the plan payments and received a discharge of "all debts provided for by the plan." (*See* Appellee's App. at 13.) After the conclusion of the Chapter 13 case, Jensen attempted to collect a total of $2,100 including the $1,104 in disallowed fees and accrued interest. In a letter dated September 24, 1996, Jensen offered the debtor the opportunity to settle the debt for a payment of $1,200 before October 15, 1996. (*Id.* at 15.) The debtor brought the matter to the attention of the trial court in a letter dated October 7, 1996, expressing confusion at Jensen's collection efforts and requesting advice.

On October 24, 1996, the trial court held a telephonic hearing in response to the debtor's letter. On December 13, 1996, the trial court ordered Jensen to cease all efforts to collect the disallowed attorney's fees. Jensen appeals from that order.

### JURISDICTION

A Bankruptcy Appellate Panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1). Since Jensen has not opted to have the appeal heard by the District Court for the District of Wyoming, he is deemed to have consented. 10th Cir. BAP L.R. 8001–1(c).

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings.

### STANDARD OF REVIEW

On matters of law this Court must exercise de novo review. *Rubner & Kutner, P.C. v. U.S. Trustee (In re Lederman Enters., Inc.)*, 997 F.2d 1321, 1323 (10th Cir. 1993) (citing *Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir.1989)). As to mixed questions of law and fact, the Court exercises de novo review when the inquiry primarily concerns legal principles or the legal conclusions to be drawn from undisputed facts. *Allis–Chalmers Credit Corp. v. Tri–State Equip., Inc. (In re Tri–State Equip., Inc.)*, 792 F.2d 967, 970 (10th Cir.1986); *Jarboe v. United Bank*

*(In re Golf Course Builders Leasing, Inc.),* 768 F.2d 1167, 1169 (10th Cir.1985). Here, the Court considers a question of law: the trial court's conclusion that the requested fees were discharged by completion of the plan.

## DISCUSSION

Jensen sought to collect attorney's fees incurred by the debtor in conjunction with the debtor's chapter 11 case. Jensen applied to the trial court for the fees but the court only allowed part of the request. Jensen did not appeal the order allowing his fees and directing their payment through the Chapter 13 plan.

■ Attorney's fees are allowed under 11 U.S.C. § 330(a) and are categorized as an administrative expense entitled to priority and full payment through the Chapter 13 plan. 11 U.S.C. §§ 503(b)(2), 507(a)(1), 1322(a)(2). Federal Rule of Bankruptcy Procedure 2016 requires that an attorney seeking compensation file with the court an application setting forth a detailed statement of services rendered, time expended, expenses incurred and amounts requested. FED. R.BANKR.P. 2016. Section 330 sets forth the bases for allowing compensation. Section 330(a)[1] provided in part:

> [a]fter notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court *may award* to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
>
> (1) *reasonable compensation* for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a) (emphasis added).

■ The starting point in statutory interpretation is the plain meaning of the statute. *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992); *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). It says that the court *may,* not must, award reasonable compensation.

■ Here the bankruptcy court simply disallowed part of the requested fee, although it left open the possibility that Jensen could justify the additional amount. Jensen did not challenge the award on appeal. Jensen's collection efforts and arguments are nothing more than a thinly veiled attempt to evade the trial court's fee ruling.

Only the amount awarded by the trial court was collectable: the remainder was never due. Jensen raises a number of horrors about counsel not working for their clients if their fees are not allowed. None of his arguments, however, address the language of the statute which requires court approval before fees are collectable. The specter that Jensen raises of counsel abandoning debtor clients when they discover that they cannot be compensated from the estate is a chimaera. Experienced bankruptcy counsel are well aware of the limitations of 11 U.S.C. § 330 on compensation and the possibility that their fee requests may be reduced or disallowed. 1 KEITH LUNDIN, CHAPTER 13 BANKRUPTCY § 1.113 (2d ed.1994). They generally factor those problems into the retainer they extract prepetition. *Id.* Moreover, while the bankruptcy court in its original order concluded that the fees did not benefit the estate, it did not allow for the debtor to pay the fees directly. Clearly, there is a distinction between disallowing fees as an administrative expense, and simply allowing the fees.

---

1. Section 330(a) was amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 224(b), 108 Stat. 4106, 4130–31 (1994). Because the underlying bankruptcy case was filed prior to October 22, 1994, the effective date of the act, this amendment has no effect here. *Id.,* § 702(b)(1), 108 Stat. at 4150.

Allowing debtor's counsel's fees as an expense of the estate generally diminishes the distribution to creditors. Thus, courts in Chapter 7 routinely *allow* fees for certain actions which benefit only the debtor but do not order them to be paid from the estate. *See In re Dawson*, 180 B.R. 478 (Bankr. E.D.Tex.1994); *In re Mondie Forge Co.*, 154 B.R. 232 (Bankr.N.D.Ohio 1993); *In re Waxman*, 148 B.R. 178 (Bankr.E.D.N.Y.1992); *In re Hunt*, 124 B.R. 263 (Bankr.S.D.Ohio 1990). In general, fees for defense of § 523 and § 727 actions and other contested matters that affect the debtor post discharge are allowed but not against the estate.

In Chapter 13, allowing fees as an administrative expense against the estate, where the estate did not benefit, is a particular problem because the debtor's future disposable[2] income is a part of the estate and must be devoted to a repayment plan. 11 U.S.C. §§ 1306, 1322(a). In general, there is no means of payment available until after the case is completed and the debtor's disposable income is no longer devoted to plan payments. Here, the basis for disallowance is not before the Court and Jensen did not appeal that order. Thus, this Court cannot reach the issue of whether these fees should have been allowed. Rather, Jensen appeals from an order holding that he cannot collect the fees that were previously disallowed.

 The trial court cast the order at issue in terms of a dischargeable debt. In law, only prepetition debts[3] are subject to discharge through bankruptcy. Debt is defined in 11 U.S.C. § 101(12) as "liability on a claim." Claim is defined, among other things, as a right to payment. 11 U.S.C. § 101(5). A creditor is "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; ... or ... [an] entity that

has a claim against the estate of a kind specified" under certain subsections of sections 348 and 502. 11 U.S.C. § 101(10). Generally, a debtor is discharged in Chapter 13 of any prepetition debt provided for in the plan or *disallowed* under 11 U.S.C. § 502. 11 U.S.C. § 1328. Attorney's fees are allowed (or denied) under 11 U.S.C. § 330, and to the extent that they are rendered and allowed in connection with the bankruptcy case, are administrative expenses. Section 503(b)(2) incorporates 11 U.S.C. § 330. Simply put, the Code does not discharge fees awarded under 11 U.S.C. § 330. Rather, fees are disallowed, allowed as an administrative expense, or allowed but must be paid by the debtor directly and not from the estate. Here, the fees Jensen now seeks to collect from the debtor were disallowed—thus there was nothing to discharge.

The trial court had already determined the reasonableness of the fees and awarded less than requested. Jensen was never entitled to any additional fees because, under § 330, no additional fee was allowed. Absent court approval, neither the debtor nor the estate was ever liable for the difference. Any argument over whether the fee was discharged is a red herring as there was no debt to discharge.[4] Because the Court concludes that the trial court reached the right conclusion— that Jensen may not collect the fees it had disallowed—but for the wrong reason, this Court AFFIRMS the order of the trial court.

---

**2.** Disposable income is essentially the debtor's income after deductions are made for taxes, insurance, child support and alimony, other living expenses, and payments on secured debts where the debtor is retaining the collateral under the plan. *See, e.g.*, 2 KEITH LUNDIN, CHAPTER 13 BANKRUPTCY §§ 5.36, 5.37 (2d ed.1994). While some courts allow a small cushion for unexpected expenses, for the most part, virtually any income not devoted to current living expenses or payments to secured creditors must be paid into the plan.

**3.** In Chapter 13, certain postpetition debts may be brought into the plan. 11 U.S.C. § 1305.

**4.** The Court has considered and rejects Jensen's other arguments that he is entitled to the difference since he: (1) waived his right to claim the difference as an administrative expense; (2) is allowed to work out a separate arrangement with the debtor under § 1322; and (3) is authorized by case law to pursue the debtor individually. Jensen cannot collect any amount not allowed by the trial court under § 330.