In re John Marion **ABRAHAM**, formerly doing business as Abraham Land and Livestock, and Ester Sue Abraham, Debtors.

**Georg JENSEN, doing business as Law Offices of Georg Jensen, Appellant,**

v.

**UNITED STATES TRUSTEE, Appellee.**

BAP No. WY–97–079.
Bankruptcy No. 95–20380.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 18, 1998.

Georg Jensen, pro se.

Before PUSATERI, ROBINSON, and CORNISH, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

Georg Jensen ("Jensen") appeals from an order denying his application for allowance of attorney fees and prohibiting him from pursuing postconfirmation collection from the debtor-in-possession. We affirm.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Jensen has not opted to have this appeal heard by the District Court for the District of Wyoming and is therefore deemed to have consented to jurisdiction of

the Bankruptcy Appellate Panel. *Id.* at § 158(c)(1)(A) and (B); Fed. R. Bankr.P. 8001(e); 10th Cir. BAP L.R. 8001–1(a) and (d).

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Fed. R. Bankr.P. 8013. "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo* ), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). A bankruptcy court's award of attorney's fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law. *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.),* 997 F.2d 1321, 1323–24 (10th Cir.1993).[1]

## BACKGROUND

John Marion Abraham and Ester Sue Abraham ("Debtors") owned and operated a farm in northern Wyoming. In the early 1990's, certain equipment purchases for the farm were financed exclusively in the name of the Debtors' children or jointly with the Debtors and their children as co-debtors. The two principal creditors involved in these transactions were Fiat Services, Inc., also referred to in the record as Heston Credit Corporation ("Fiat / Heston Credit"), and Western Bank. Immediately before the Debtors filed the underlying chapter 11 proceeding, their children gave them a bill of sale for the equipment. Jensen prepared the bill of sale. All equipment was claimed as assets of the estate. During administration of the estate, Fiat / Heston Credit filed a motion for relief from the stay, and the bankruptcy court granted the motion. According to Jensen, the motion was granted solely because the property was originally sold to the Debt-

---

**1.** In *Lederman,* the Tenth Circuit (1) applied *de novo* review as to the issue of whether the bankruptcy court applied the appropriate legal standard under former § 330; (2) applied a clearly erroneous standard to the bankruptcy court's

factual finding that the services rendered did not benefit the estate; and (3) applied an abuse of discretion standard in determining whether the bankruptcy court erred in refusing to award fees for unnecessary work.

ors' children, not the Debtors, but he has not included in the record on appeal a transcript of an oral ruling or a written order on the motion, either of which would have shown what the court's reasoning was; according to the bankruptcy court's order that Jensen has appealed (and included in the record), the court granted Fiat / Heston Credit relief to pursue its remedies against the Debtors' son under an installment contract that was secured by part of the property transferred to the Debtors in the bill of sale. The Debtors appealed and the district court affirmed the order. The Debtors did not appeal the decision of the district court, but settled with Fiat / Heston Credit, and paid the balance due on the equipment. Later, Western Bank commenced an adversary proceeding seeking to avoid the transfer of its collateral to the Debtors. The adversary proceeding was dismissed after the Debtors reached a settlement with Western Bank.

Jensen filed a Request for Payment of Attorney Fees. The United States Trustee objected to the Request. At a hearing on the matter, the bankruptcy court determined that the transfer documents prepared by Jensen immediately prepetition necessitated litigation between the creditors, the Debtors' children, and the estate. The bankruptcy court ruled that fees sought in connection with the preparation of the equipment transfer documents, the defense of the stay relief and adversary proceedings, and the prosecution of the stay relief appeal were not necessary and did not benefit the estate. The bankruptcy court then ordered Jensen to amend the Request to delete those time entries relating to the equipment transfers and ensuing litigation. No transcript of this hearing has been included in the record on appeal, so we do not know what Jensen said in support of his application or what the court said in making its ruling.

Jensen filed an amended application for fees but included costs and fees associated with the transfers and litigation. Jensen argued that the litigation would have occurred regardless of the transfers because the Debtors could have claimed an equitable interest in the equipment. The Trustee objected, asserting the fees should be disallowed, since the transfers created a conflict of interest that was undisclosed. The bankruptcy court declined to resolve the conflict of interest issue but determined that the services associated with the transfer documents and the ensuing litigation did not benefit the estate. The bankruptcy court concluded that there was no certainty that the Debtors would have claimed an interest in the property belonging to their children, would have agreed to pay for debts for which they were not liable, or would have prevailed in such claims, if pursued. The court then determined that the transfers were intended to delay the creditors and that the litigation harmed rather than benefitted the estate.

The court ordered Jensen's application reduced by an amount the court determined was related to the transfer documents and ensuing litigation. The court ordered the amount disallowed for all purposes and specifically enjoined Jensen from seeking post-confirmation collection from the Debtors. These rulings precipitated Jensen's appeal.

## DISCUSSION

■■■ The first issue before this Court is whether the estate benefitted from the services for which reimbursement has been denied. A bankruptcy court may award reasonable compensation for actual, necessary services. 11 U.S.C. § 330(a)(1)(A). The discretion of a bankruptcy court to award compensation is limited by the court's determination that the services were reasonably likely to benefit the debtor's estate. 11 U.S.C. § 330(a)(4)(A)(ii)(I). Likewise, a bankruptcy court may not award compensation for services that were not necessary for the administration of the case. 11 U.S.C. 330(a)(4)(A)(ii)(II).

■■■ Jensen argues that litigation involving the equipment in question would have occurred regardless of the transfer documents he prepared prepetition. Jensen proposes that, had legal title not been transferred to the Debtors on the eve of the chapter 11 filing, the Debtors would have claimed their children's retention of the property was a fraudulent conveyance because the Debtors had equitable title by virtue of having made loan payments and maintaining exclusive

control of the equipment. Jensen cites no case law or other legal authority, and refers to no factual support in the record, to show that the Debtors would have pursued or won such litigation. This Court therefore concludes that Jensen has not shown that the bankruptcy court abused its discretion under 11 U.S.C. § 330 in determining there was no certainty that the Debtors would have claimed an interest in the equipment belonging to their children, would have agreed to become liable for the debts secured by that equipment, or would have prevailed if they had tried to do either of these things. Similarly, Jensen has not shown that the bankruptcy court abused its discretion by concluding that the transfers were intended to delay creditors and did not benefit the estate.

■ The second issue before this Court is whether the bankruptcy court erred in disallowing fees related to the transfers and enjoining Jensen from pursuing postconfirmation collection efforts against the Debtors. The discretionary powers of a bankruptcy court to award attorney fees are embodied in 11 U.S.C. § 330(a)(1). The plain meaning of § 330(a)(1) is that the court may award reasonable compensation. *Jensen v. Gantz (In re Gantz)*, 209 B.R. 999, 1002 (10th Cir. BAP 1997). A requested fee that is disallowed cannot be collected since it was never due. *Gantz*, 209 B.R. at 1003.

Jensen urges that attorneys are often required to represent interests of the debtor that may not be compensable as an administrative claim. This happens where the attorney's services benefit the debtor but provide no benefit to the estate. In these situations, Jensen argues, the bankruptcy court must make inquiry into the nature of the benefit conferred upon the debtor before enjoining the attorney from pursuing postpetition collection efforts. Jensen contends that all the equipment transferred by the prepetition bill of sale was necessary for the Debtors to operate their farm and that they ultimately retained it all through their chapter 11 plan. The record before us does not support these factual assertions. Instead, the bankruptcy court found that there was no certainty that the Debtors would have claimed to own the property that had been bought in their chil-

dren's names, would have agreed to pay the debts secured by that property, or would have prevailed on such claims had they made them. It further found that the litigation relating to the last minute transfers was intended to delay the creditors and the cost of the litigation harmed rather than benefitted the estate. Jensen has not provided a sufficient record on appeal to establish that these findings are clearly erroneous. Although the court did not expressly state why it would not allow Jensen to collect the fees related to these matters from the Debtors, we think the court's findings clearly imply that the court was convinced that the transfers from the children to the Debtors should not have occurred and without the transfers, of course, Jensen's services in the related litigation would not have been required. Jensen has not shown that his services relating to the bill of sale and the ownership of the equipment were necessary for or benefitted the Debtors any more than the bankruptcy estate. Since Jensen has not shown that the findings were clearly erroneous, we conclude he has also failed to show that the bankruptcy court abused its discretion by precluding him from collecting these fees from the Debtors.

■ As noted in *Gantz*, experienced bankruptcy counsel are presumed to be aware of the limitations of 11 U.S.C. § 330(a)(1) and the possibility that fee requests may be reduced or disallowed. *Gantz*, 209 B.R. at 1003. Jensen did not sufficiently evaluate the complexity of the case and factor the possibility of a disallowed claim into the retainer extracted prepetition. In the Second Amended Reorganization Plan filed by Jensen on behalf of the Debtors, Jensen acknowledges receipt of a retainer prepetition and subjects any additional compensation to the discretion of the bankruptcy court and 11 U.S.C. § 330(a)(1). Having not factored into the retainer the possibility that a disallowed claim for services benefitting the Debtors while not benefitting the estate could arise in this case, Jensen cannot now seek compensation by this Court requiring the bankruptcy court to countermand its discretion and award Jensen the requested fees.

## CONCLUSION

For the reasons stated herein, the order of the United States Bankruptcy Court for the District of Wyoming is AFFIRMED.