**In re Curtis Dale DEWEY, doing business as Curtis D. Dewey, Debtor.**

**Georg Jensen, doing business as Law Offices of Georg Jensen, Appellants,**

**v.**

**Sharon A. Dunivent, Trustee, and Doris Dewey, Appellees.**

BAP No. WY–99–005.

Bankruptcy No. 97–21166.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Aug. 24, 1999.

---

7. This fact is not part of our record on appeal.

James R. Belcher, P.C., of Holland & Hart, Cheyenne, Wyoming, for Trustee.

Franklin D. Bayless of Bayless & Slater Law Firm, P.C., Cheyenne, Wyoming, on the brief for Appellee.

Before CLARK, BOHANON, and PEARSON, Bankruptcy Judges.

## OPINION

BOHANON, Bankruptcy Judge.

Georg Jensen ("Jensen"), former counsel to Curtis D. Dewey, the Chapter 13 debtor, appeals three orders of the United States Bankruptcy Court for the District of Wyoming: (1) an order continuing a hearing on his fee application ("Continuation Order"); (2) an order denying his fee application without prejudice ("Fee Order"); and (3) an order denying his motion to alter or amend the Fee Order ("Reconsideration Order"). For the reasons set forth below, we AFFIRM the bankruptcy court.

### I. *Background*

Jensen represented the Chapter 13 debtor in his bankruptcy case. The bankruptcy court confirmed the debtor's Chapter 13 plan, which provided, in relevant part, that Class 1 administrative expense claims were to be paid prior to Class 7 general unsecured creditors. The only disclosed Class 1 claim was Jensen's claim in the amount of $910 for attorney's fees and expenses, but this claim had been paid by the debtor prepetition. The plan stated that additional attorney's fees incurred postpetition would be paid as a Class 1 administrative expense claim, provided that the bankruptcy court allowed such a claim. A liquidation analysis provided to the bankruptcy court in conjunction with the confirmation of the debtor's plan stated that the debtor's attorney's fees were in the amount of $0.00. Under the plan, the debtor was to make payments from future earnings to the Chapter 13 trustee

Georg Jensen, pro se.

("Trustee") in the amount of $115.00 for a period of 36 months.

At the confirmation hearing, Jensen was ordered to submit a confirmation order, which he did approximately 20 days later, and the bankruptcy court entered the order on the date that it was submitted. One day prior to submitting the confirmation order, Jensen filed a "Chapter 13 Fee Application." In the Application, Jensen requested $3,922.50 in fees and $380.56 in expenses, and disclosed that he had been paid $950 (contrary to the $910 disclosed in the debtor's plan) by the debtor prepetition. The fees and expenses were to be paid outside of the debtor's plan. With the exception of $225.00, all of the fees and expenses requested in the Application were incurred well before the confirmation hearing, and the $225.00 was incurred on the date of the confirmation hearing.

The Trustee and Doris Dewey, the debtor's former spouse ("Dewey"),[1] objected to Jensen's Application, arguing that Jensen could not be paid outside of the confirmed Plan, and that if the Application were approved, the term of the confirmed plan would need to be extended beyond 36 months. Dewey also maintained that the plan was filed in bad faith because the debtor's intent to pay Jensen outside of the plan indicated that he was capable of making a larger payment to the Trustee.

Jensen later submitted a "Corrected Chapter 13 Fee Application," in which he subtracted the $950 he had been paid by the debtor prepetition from the total amount of fees requested in the initial Application, and stated that the balance of his requested fees and expenses would be paid through the debtor's confirmed plan. The Trustee and Dewey renewed their objections to Jensen's corrected Application, arguing that if the Application were to be approved there would be no funds to distribute to Class 7 unsecured creditors. Dewey also argued that the debtor's plan would not have been confirmed had the bankruptcy court known of the fees and expenses requested in Jensen's corrected Application because it would not have been feasible. See 11 U.S.C. § 1325(a)(4) and (6).[2] The bankruptcy court sustained the objections to Jensen's corrected Application, stating from the bench that:

[I]f the parties show that if, in fact, the Court were to approve these fees as they have been applied for, that combined with the plan that has already been confirmed, we find that nothing would go to unsecured creditors. It's my thought that if such a plan were originally proposed, it probably would [not][sic] have been confirmed by this Court. It seems ludicrous that we go down the line and then we amend the plan into something that would not have been confirmed in the first place.

What I'm going to do is I'm going to continue pending the debtor's motion to modify the plan to accommodate at the same percentages that are in the plan now for unsecured creditors. I want that done within 15 days from today. If that is done and modification is approved, these fees will be approved as part of the plan that is modify [sic].

The Continuation Order memorialized this bench ruling.

During the 15 day period ordered by the bankruptcy court in the Continuation Order, Jensen filed a motion to withdraw as the debtor's attorney. He maintained that his interest in having his fees paid through the debtor's confirmed plan created a conflict of interest because the debtor was not obligated to modify the terms of the plan to include payment of his claim as suggest-

---

1. Dewey also objected to the confirmation of the debtor's Chapter 13 plan, contending that it failed to provide for her priority support claim. This Court affirmed the bankruptcy court's decision that Dewey's claim was entitled to priority status. *In re Dewey*, 223 B.R. 559 (10th Cir. BAP 1998). An appeal from that decision has been filed with the United States Court of Appeals of the Tenth Circuit.

2. Unless otherwise noted, all statutory references are to title 11 of the United States Code.

ed by the bankruptcy court in the Continuation Order. The bankruptcy court granted Jensen's motion to withdraw.

Several months later, the bankruptcy court entered the Fee Order, denying Jensen's corrected Application. In so doing, the bankruptcy court indicated that at the time that Jensen filed his initial Application requesting payment outside of the debtor's plan, he knew that he was required to be paid through the plan. *See In re Gantz,* 209 B.R. 999, 1003 (10th Cir. BAP 1997) (Jensen was a party in this case). The bankruptcy court stated that there were insufficient funds to pay Jensen's Class 1 claim even if Class 7 unsecured creditors were to receive no further distribution. The bankruptcy court also noted that Jensen had failed to remedy the problems with his claim by modifying the debtor's plan to extend its term or by reducing the amount of his claim.

■ Clearly misunderstanding the bankruptcy court's Fee Order, Jensen moved for reconsideration, arguing that the bankruptcy court erred in finding that his fees were objectionable because they were to be paid outside of the plan. Denying Jensen's motion in the Reconsideration Order, the bankruptcy court stated that it understood that Jensen's corrected application sought payment of his fees through the debtor's confirmed plan, but:

> [T]he confirmed chapter 13 plan does not contain sufficient remaining funds to pay the full amount of fees requested and to satisfy the hypothetical chapter 7 liquidation analysis. Furthermore, the court considers a return to unsecured creditors of 0% a serious question of good faith.
>
> To allow an untimely fee application in excess of the amounts stated in the plan created potential problems that jeopar-

dized the chapter 13. Therefore, the court provided counsel with an opportunity to propose a remedy. Counsel chose not to proceed further.

Jensen timely appealed the bankruptcy court's final Continuation Order, Fee Order and Reconsideration Order,[3] and the parties have consented to this Court's jurisdiction. *See* 28 U.S.C. §§ 158(a)(1) & (c)(1); Fed. R. Bankr.P. 8001(a) & 8002(a); 10th Cir. BAP L.R. 8001–1.

## II. *Standard of Review*

■ A bankruptcy court's procedural rulings, such as directing Jensen as it did in the Continuation Order, and award of fees, such as the court's denial of Jensen's fees in the Fee Order, are reviewed for abuse of discretion. *See, e.g., United States v. Nelson,* 54 F.3d 1540, 1546 (10th Cir.1995) (continuation of a sentencing hearing); *Mann v. Reynolds,* 46 F.3d 1055, 1062 (10th Cir.1995) (attorney's fees in civil litigation); *In re Lederman Enters., Inc.,* 997 F.2d 1321 (10th Cir.1993) (allowance of fees in bankruptcy); *see also In re Lister,* 846 F.2d 55, 56 (10th Cir. 1988) (allowance of administrative expenses). Whether a court will reconsider or alter or amend an order is also reviewed for abuse of discretion. *See, e.g., Brown v. Presbyterian Healthcare Servs.,* 101 F.3d 1324, 1331 (10th Cir.1996), *cert. denied,* 520 U.S. 1181, 117 S.Ct. 1461, 137 L.Ed.2d 564 (1997).

■ "Under the abuse of discretion standard: 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceed the bounds of permissible choice in the circumstances.'" *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994) (quoting

---

**3.** While orders denying attorney's fees are typically not "final" for purposes of appeal under 28 U.S.C. § 158(a)(1), such orders may be "final" if they are the final fee application submitted by counsel in a case. A final fee request " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). In this case, Jensen has confirmed that his Application is the final fee application in the debtor's case.

*McEwen v. City of Norman,* 926 F.2d 1539, 1553–54 (10th Cir.1991)).

### III. *Discussion*

A review of the record, the contents of which are summarized above, does not leave this Court with a definite and firm conviction that the bankruptcy court made a clear error in judgment in entering the Continuation Order, the Fee Order, or the Reconsideration Order. As such, the bankruptcy court did not abuse its discretion and it must be affirmed. We will address each of Jensen's points of error below.

#### 1. *Section 1325(a)(4)*

Jensen's primary argument is that the bankruptcy court erred in disallowing his claim for postpetition attorney's fees and expenses based on its determination that the debtor's plan would not have been confirmable under § 1325(a)(4). This section, which is referred to as the "best interests of creditors test," states:

> (a) Except as provided in subsection (b), the court shall confirm a plan if-
>
> . . . .
>
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]

11 U.S.C. § 1325(a)(4). Jensen argues that, had his administrative expense claim been disclosed at the confirmation hearing, § 1325(a)(4) would have been satisfied because the property to be distributed to unsecured creditors in Chapter 13 would not have been less than in a Chapter 7. He contends that unsecured creditors in a Chapter 7 case would not receive a distribution until after both his Chapter 13 administrative expense claim and a hypothetical Chapter 7 administrative expense

claim were paid. Under this scenario, unsecured creditors would not receive any distribution of property and, therefore, the amount distributed under the debtor's Chapter 13 plan is not less than what would be distributed in a Chapter 7 case.

■ Jensen's argument is without merit. Section 1325(a)(4) requires two separate calculations. First, the court must consider the value, as of the effective date of the proposed Chapter 13 plan, of the property to be distributed to each unsecured creditor in Chapter 13, taking into account the Chapter 13 administrative expenses. Next, the court must consider the amount that would be paid on each allowed unsecured claim if the debtor's estate were liquidated in a hypothetical Chapter 7 case, taking into account the Chapter 7 administrative expenses. *See In re Gatton,* 197 B.R. 331, 332 (Bankr. D.Colo.1996); *In re Ward,* 129 B.R. 664, 670 (Bankr.W.D.Okla.1991); *In re Barth,* 83 B.R. 204 (Bankr.D.Conn.1988). The Chapter 13 plan will meet the best interests of creditors test if the distribution amount determined in the first, Chapter 13, calculation is not less than the amount in the second, Chapter 7, calculation. The court does not, as suggested by Jensen, combine Chapter 13 and Chapter 7 expenses in calculating the amount to be distributed in Chapter 7 under the best interests of creditors test.

■ The liquidation analysis that Jensen filed with the bankruptcy court in conjunction with the confirmation of the debtor's plan supports our conclusion. Jensen first calculated the total debt provided for under the plan, including "$0.00" in attorney's fees. Based on this calculation, Jensen disclosed that unsecured, nonpriority creditors in the debtor's Chapter 13 case would be paid 8% of their claims. He then calculated the value of the debtor's real and personal property and subtracted debt, including Chapter 7 administrative expense claims. Based on this calculation, Jensen disclosed that unsecured, nonprior-

ity creditors in a Chapter 7 case would be paid only 6% of their claims. Nowhere in his analysis did Jensen combine Chapter 7 and Chapter 13 administrative expense claims. Furthermore, based on the analysis presented to the court, it is clear that if the amount of attorney's fees, disclosed as $0.00 in the report, were to be amended to include the amount of fees and expenses requested in Jensen's corrected Application, there would be at most a very nominal sum left for distribution to unsecured creditors. The property distributed under the debtor's Chapter 13 plan would have been less than the 6% distribution in Chapter 7. Thus, the bankruptcy court was correct in concluding that the best interests of creditors test would not have been met had Jensen disclosed the fees and expenses in a more timely manner.

Jensen makes much of the fact that the bankruptcy court's conclusion that payment of his fees and expenses would have left insufficient funds to pay Class 7 unsecured creditors was based on an incorrect calculation. Jensen maintains that under the plan the debtor is paying $115 per month for 36 months, totaling $3,726 for distribution in Chapter 13, as opposed to $3,400 found by the court. Even if Jensen is correct that the bankruptcy court erred in its calculation, the court's ultimate finding that there would be insufficient funds to pay creditors is correct. Jensen's corrected Application requested that $3,353.06 in fees be paid through the debtor's plan. Payment of Jensen's requested fees and expenses through the debtor's plan would have left less than $2,756.90 [4] for distribu-

tion to Class 7 unsecured creditors under the debtor's plan. Thus, the bankruptcy court's conclusions under § 1325(a)(4) were not in error.

### 2. *The Timeliness of Jensen's Application*

Jensen argues that the bankruptcy court erred in its Fee Order in finding that his Application was untimely. He contends that he filed the fee application within 30 days of the confirmation of the debtor's plan as required by the bankruptcy court's Local Rule 2016–1.[5]

Even assuming that Jensen's argument is correct,[6] the bankruptcy court's statement regarding the timeliness of Jensen's Application is not reversible error. The bankruptcy court made its holding based on factors other than the timeliness of Jensen's application.

■ We also note that, although the bankruptcy court's Local Rule allows professionals 30 days after confirmation to file a fee application, we find it difficult to understand how a well-intentioned professional would fail to disclose the approximate amount of fees and expenses he or she anticipates requesting at the confirmation hearing. This is especially true where, as here, all but a nominal amount of the fees and expenses requested are incurred well before the confirmation hearing. It is a questionable practice at best, and, at worst, a potentially sanctionable practice under Fed. R. Bankr.P. 9011, to disclose to the bankruptcy court and par-

---

4. This is the amount that Jensen disclosed would be paid to unsecured creditors in a Chapter 7 case in the liquidation analysis.

5. Under this Rule, all applications for fees in Chapter 13 cases must be "filed within 30 days following confirmation of the chapter 13 plan." Wy. L.R.2016–1. Untimely applications may be summarily denied.

6. We note that technically Jensen is correct. He filed his initial Application within 30 days after the confirmation hearing, and one day prior to the entry of the confirmation order.

However, as the bankruptcy court pointed out in the Fee Order, Jensen must have known that the initial Application was not allowable because it anticipated payment of his fees and expenses outside of the debtor's confirmed plan. Under *Gantz*, 209 B.R. at 1003, a case in which Jensen was a party, this method of payment is not allowable as a matter of law. The corrected Application, which remedied this problem, was filed almost three months after the confirmation hearing and two months after the entry of the confirmation order.

ties in interest that a debtor's administrative expenses are zero, knowing that actual expenses exist that significantly alter the calculations and assumptions made in the confirmation process.

### 3. *Res Judicata*

Jensen contends that bankruptcy court's confirmation order was *res judicata* as to the debtor's good faith and the plan's feasibility. Jensen therefore maintains that the bankruptcy court erred in disallowing his corrected Application based on findings that allowance of the fees and expenses requested therein would raise issues of the debtor's good faith and the plan's feasibility.

■ *Res judicata* may generally refer to "claim preclusion" or "issue preclusion." A leading treatise states:

> *Claim preclusion* prevents a party from suing on a claim which has been previously litigated to a final judgment by that party or such party's privies and precludes the assertion of such parties of any legal theory, cause of action, or defense which could have been asserted in that action. *Issue preclusion* prevents relitigation of issues actually litigated and necessary for the outcome of the prior suit, even if the current action involves different claims.

18 James Wm. Moore, *Moore's Federal Practice* § 131.10[1][a] (3d ed.1999) (emphasis in original). Issue preclusion, or collateral estoppel, traditionally applied to the preclusive use of a judgment by a party to the earlier litigation. However, to encourage judicial economy and finality of judgments, the courts have permitted the "offensive" use of collateral estoppel by allowing a nonparty to a prior action to assert the preclusive effect of a judgment. *See, e.g., United States v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d

379 (1984); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Thus, although not clearly articulated, Jensen seems to be asserting offensive use of issue preclusion, because the allowance of the fees and expenses requested in his Application is wholly separate claim from the confirmation of the debtor's plan, and Jensen was not a party in the confirmation process.[7]

■ Bankruptcy courts have "broad discretion" to determine when offensive collateral estoppel should be applied. *Parklane*, 439 U.S. at 331, 99 S.Ct. 645. It is unclear whether Jensen even raised the preclusive effect of the bankruptcy court's confirmation order below. But, assuming that he did, the bankruptcy court did not abuse its discretion in refusing to apply this doctrine.

■ Offensive estoppel should never be applied when it would be unfair given the circumstances. *Id.* The Tenth Circuit has stated that in determining the proper application of collateral estoppel, courts should consider whether controlling facts have significantly changed, or whether other special circumstances warrant a refusal to apply issue preclusion. *Klein v. Commissioner*, 880 F.2d 260, 262–63 (10th Cir.1989). Collateral estoppel never applies unless there has been a "full and fair" opportunity to litigate the issue involved below, *Parklane*, 439 U.S. at 332, 99 S.Ct. 645, and the "'[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (quoting *Montana v. United States*, 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)), *quoted in Petromanagement Corp. v. Acme–Thomas*

---

**7.** We note that the facts of this case seem to lend themselves more to the application of the law of the case doctrine than to collateral estoppel, because we are more concerned here with the extent to which the bankruptcy court's ruling in the confirmation context may be applied in the fee application approval process. However, law of the case was not raised by Jensen and, therefore, it will not be considered by this Court.

*Joint Venture,* 835 F.2d 1329, 1334 (10th Cir.1988).

Jensen must have known that fees and expenses had been incurred postpetition, as all but $225.00 of the fees and expenses requested in his Application were incurred prior to the confirmation hearing. Yet, he did not disclose these fees and expenses to the bankruptcy court. Given these facts, the application of issue preclusion would be unfair, and the bankruptcy court did not err in refusing to apply this doctrine.

**IV.  *Conclusion***

For the reasons stated above, the bankruptcy court's Continuation Order, Fee Order, and Reconsideration Order are AFFIRMED.