IN RE: MICHAEL R. KEENAN and RAMONA L. KEENAN, Chapter 13, Debtors.
SUZANNE MALLON, Appellant,
v.
MICHAEL R. KEENAN and RAMONA L. KEENAN, Appellees.
Bankr. No. 05-21229-s13, BAP No. NM-08-089.
United States Bankruptcy Appellate Panel, Tenth Circuit.
June 22, 2009.
Before THURMAN, RASURE, and ROMERO, Bankruptcy Judges.

OPINION[*]
THURMAN, Bankruptcy Judge
The appeal challenges the Bankruptcy Court's conclusion that the debtors' proposed Chapter 13 plan satisfied the "best interests of creditors" test of the Bankruptcy Code. Specifically, appellant unsecured creditor challenges the amount the Bankruptcy Court deducted from the hypothetical liquidation value of the debtors' estate as Chapter 7 attorney's fees. We affirm.

I. BACKGROUND
Debtors Michael and Ramona Keenan ("Debtors") filed their petition for relief pursuant to Chapter 13 of the Bankruptcy Code on October 15, 2005. At that time, Debtors owned three real properties: 1) a vacant residential lot in California; 2) their residence in Albuquerque; and 3) a commercial property, also in Albuquerque, which the Bankruptcy Court determined was owned jointly by Debtors and their adult son. Appellant Suzanne Mallon ("Mallon") had obtained a state court judgment against Debtors on September 9, 2005. On September 23, 2005, Mallon filed a transcript of that judgment with the Bernalillo, New Mexico County Clerk's office. During the bankruptcy proceedings, the Chapter 13 trustee ("Trustee") filed an adversary proceeding against Mallon, alleging the filing of the transcript of judgment within 90 days of the filing of Debtors' petition was a preferential transfer.[1] Trustee and Mallon settled the adversary proceeding, and a stipulated judgment voiding the transcript was entered on October 22, 2007. As a result, Mallon's claim against Debtors was wholly unsecured. Her allowed claim in this case was approximately $145,000.
The Debtors' initial Chapter 13 plan proposed payments of $1,033 per month for 36 months, plus income tax refunds received during the payment period, and the net proceeds of a future sale of the California property. On March 27, 2007, based on two days of evidentiary hearings held in July and August of 2006, the Bankruptcy Court rejected that plan, concluding it did not satisfy 11 U.S.C. § 1325(a)(4),[2] which is commonly referred to as the "best interests of creditors test."[3] In its decision, the Bankruptcy Court disallowed the Debtors' deduction of Michael Keenan's $504 monthly payments to his pension plan from their projected disposable income, and directed them to increase the monthly plan payments to $1,537 in order to satisfy the disposable income requirements of § 1325(b).
With respect to the best interests test, the Bankruptcy Court determined the present value of the assets available for liquidation to be $116,192, plus sale proceeds from the California property. From that figure, the Bankruptcy Court deducted a total of $47,023 in administrative costs that would be incurred in a liquidation, including hypothetical trustee fees in the amount of $9,060 and "estimated trustee attorney fees and costs" in the amount of $1,000, for a total liquidation figure of $69,169. That figure was then reduced to a present value of $63,951, where the Bankruptcy Court used a 4% rate of inflation and its experiential estimate that it typically takes two years for a Chapter 7 trustee to close a case. The initial plan's proposed 36 payments of $1,033 resulted in a total plan base of $37,188. Using the $1,537 payment rate dictated by the Court, for a period of 36 months, resulted in a plan base of $55,332. Since neither of these figures exceeded the hypothetical liquidation amount of $63,951, no further calculations were necessary, and confirmation was denied.
Following denial of confirmation, Trustee requested clarification of the Bankruptcy Court's $1,000 deduction for trustee's counsel fees in its hypothetical Chapter 7 liquidation. On September 6, 2007, the Bankruptcy Court granted the Trustee's motion for clarification, stating that the $1,000 figure "was an arbitrary number and only illustrative of how the calculations should be performed. In their amended plan, the Debtors will be allowed to change this number in their calculations to determine the best interest of creditors test, provided they can provide some evidence of what a Chapter 7 trustee's reasonable attorneys fees might be."[4]
On October 12, 2007, Debtors filed an amended plan that not only increased their monthly plan payments to $1,537 for the remainder of the plan period, but also lengthened the payment term from 36 to 60 months. Mallon objected to the amended plan, and submitted a memorandum to the Bankruptcy Court regarding the impact of the "effective date of the plan" on hypothetical attorney's fees. A confirmation hearing on the amended plan was held on June 6, 2008, at which the principal issue was the amount of hypothetical attorney's fees that would be deducted from the estate's liquidation value. At the hearing, Mallon did not challenge the property valuations that the Bankruptcy Court had assigned in March 2007, and does not do so now. On October 1, 2008, the Bankruptcy Court issued a memorandum decision in which it accepted Debtor's assertion that $35,000 was a "reasonable" deduction for hypothetical Chapter 7 attorney's fees, concluded that the amended plan provided a return to the unsecured class of creditors that satisfied the best interests test, and confirmed Debtors' amended plan.

II. APPELLATE JURISDICTION
This Court has jurisdiction to hear timely-filed appeals from final judgments and orders of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[5] An order confirming the Debtors' amended plan was entered on October 29, 2008, and Mallon timely filed her notice of appeal on November 6, 2008. An order confirming a Chapter 13 plan is a final order for the purposes of appeal.[6] Since the notice of appeal was timely filed, and neither party elected to have the appeal heard by the district court, this Court has jurisdiction over the appeal.

III. ISSUES AND STANDARD OF REVIEW
The present appeal focuses entirely on whether the Bankruptcy Court properly deducted $35,000 in attorney's fees from the hypothetical liquidation value of the Debtors' estate in determining that the best interests of the creditors test under § 1325(a)(4) was satisfied by the amended plan. Specifically, Mallon contends the Bankruptcy Court failed to consider the "effective date of the plan" with respect to the amount of hypothetical Chapter 7 attorney fees. Factual determinations under the best interests test are reviewed for clear error.[7] However, whether a bankruptcy statute was properly applied is an issue of law that is reviewed de novo.[8] We consider both in this appeal.
IV. DISCUSSION
Section 1325(a)(4) of the Bankruptcy Code provides:
(a) Except as provided in subsection (b), the court shall confirm a plan if . . .
(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.
This provision, known as the "best interest of creditors test," ensures that a Chapter 13 plan provides unsecured creditors with at least as much return as they would receive in a Chapter 7 liquidation. A proposed Chapter 13 plan "satisfies the best interests test if a mathematical comparison of the amount to be paid under the plan is not less than the hypothetical liquidation value of the property of the estate."[9] Thus, the best interests test "requires two separate calculations," which are then compared.[10] "The Chapter 13 plan will meet the best interests of creditors test if the distribution amount to the unsecured creditors determined in the first, Chapter 13, calculation is not less than the amount in the second, Chapter 7, calculation."[11]
In the present case, the Bankruptcy Court first made its best interests calculations in March 2007, in connection with its consideration of the Debtors' initial plan. At that time, the Bankruptcy Court determined the present value of a liquidation of the Debtors' estate, after reductions of $1,000 for Chapter 7 attorney's fees and $9,050 for Chapter 7 trustee fees, to be $63,951. The Debtors' initial plan proposed payments of $37,188, which the Bankruptcy Court determined would have to be increased to $55,332 in order to satisfy the disposable income requirements of § 1325(b)(1)(B).[12] Since neither number was greater than the $63,951 liquidation value, confirmation was denied pursuant to the best interests test.
In the Bankruptcy Court's subsequent evaluation of the best interests test, in connection with its consideration of the Debtors' amended plan, the only issue was whether the amounts previously deducted for Chapter 7 attorney's and trustee's fees were sufficient. Significantly, Mallon did not then, and does not now, challenge the Bankruptcy Court's initial liquidation value. Accordingly, we use that valuation in our decision.
After hearing testimony from the Debtors' expert, Chapter 7 trustee Yvette Gonzales, the Bankruptcy Court revised its previous deduction for attorney's fees from $1,000 to $35,000, and trustee's fees from $9,060 to $20,000. Thus, in performing its second best interests test calculation, the Bankruptcy Court began with the liquidation value that already had been established, $63,951, and in using its formula for determining the best interests of creditors, deducted an additional $34,000 for attorney's fees (for a total of $35,000), $2,100 in New Mexico gross receipts taxes on the attorney's fees (6%), and $10,040 in additional trustee's fees (for a total of $20,000). This resulted in a new liquidation value of $17,811,[13] and led the Bankruptcy Court to conclude the amended plan payments satisfied the best interests test.[14]
On appeal, Mallon contends the Bankruptcy Court's deduction of $35,000 in hypothetical attorney's fees was both unreasonable and improperly calculated under § 1325(a)(4).[15] In addition, Mallon asserts computing an additional $10,400 for prospective trustee fees is improper as those fees are only allowed after notice and a hearing with a finding they were reasonable, and not just allowing the maximum computation for assets administered under § 326(a).
Significantly, however, these arguments become irrelevant when considered in light of the Debtors' modifications under the amended plan. The Debtors' amended plan increased both the amount and the number of the plan payments, thereby increasing the total of payments from $37,188 under the first plan to $83,652 under the amended plan.[16] At the time of confirmation, October 29, 2008, the Debtors already had made plan payments of $46,764, leaving $36,888 remaining to be paid under the amended plan, over the next two years.[17] The amount remaining unpaid at confirmation reduces to a present value of $34,105.[18] Adding the present value of future payments to the value of payments already made results in a plan payout of $80,869, which is then reduced by Chapter 13 trustee fees in the amount of $8,087.[19] Thus, the total payout to unsecured creditors under the amended plan, or the Chapter 13 comparison figure, is $72,782. This amount satisfies the best interests of creditors test, even if it is compared to the Bankruptcy Court's original Chapter 7 liquidation figure of $63,951, to which Mallon has never objected. Therefore, the subsequent reductions to that figure are disregarded as irrelevant, and this Court need not, and does not, address Mallon's concerns about those reductions in order to conclude the Debtors' amended plan satisfies § 1325(a)(4).

V. CONCLUSION
The Bankruptcy Court's order confirming the Debtors' amended plan is therefore AFFIRMED.
NOTES
[*] This unpublished opinion is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. BAP L.R. 8018-6(a).
[1] See 11 U.S.C. § 547(b).
[2] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.
[3] See, e.g., In re Dewey, 237 B.R. 783, 788 (10th Cir. BAP 1999).
[4] Order Granting Trustee's Motion to Clarify at 2, in Appellant's App. at 178.
[5] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002.
[6] In re Picht, 403 B.R 707, 711 (10th Cir. BAP 2009).
[7] In re Wolff, 22 B.R. 510, 513 (9th Cir. BAP 1982).
[8] Rupp v. United Sec. Bank (In re Kunz), 489 F.3d 1072, 1077 (10th Cir. 2007).
[9] Bankr. L. Manual § 13:38 (2008).
[10] In re Dewey, 237 B.R. at 788.
[11] Id.
[12] This section is in addition to the best interests of creditors test of § 1325(a)(4) and provides that, if the trustee or an unsecured creditor objects to a plan, the plan may not be confirmed unless all of the debtors' projected disposable income during the plan period will be applied to payment of unsecured creditors.
[13] The Bankruptcy Court probably should have deducted the new amounts from $69,169, and then reduced that amount to present value. Had this method been used, the resulting liquidation value would have had a "present value" of $21,292, using a lump sum calculator with a 4% inflation rate over a period of two years. However, this difference would not have changed the result.
[14] Unfortunately, the Bankruptcy Court did not expressly determine a Chapter 13 plan payment comparison figure, which might have reduced some of the confusion in this appeal.
[15] Both parties to this appeal briefed and argued issues relating to whether the attorney's fees for a hypothetical Chapter 7 trustee should be calculated from the date of the petition or from the date of confirmation. For reasons herein stated, we do not reach that issue as we conclude it is irrelevant.
[16] The total of the payments under the Debtors' initial plan was $37,188 ($1,033 x 36 payments), whereas the total of the payments under the amended plan is $83,652 ($1,033 x 17 payments + $1,537 x 43 payments).
[17] Seventeen payments of $1,033 were made from November 15, 2005 through March 15, 2007. Nineteen payments in the amount of $1,537 were made from April 15, 2007 to October 15, 2008.
[18] Again, using a lump sum calculator and the 4% discount rate formula used by the Bankruptcy Court, to which no objection was made.
[19] Pursuant to 28 U.S.C. § 586(e)(1)(B)(i), Chapter 13 trustee fees may not exceed 10%.