In re GUARDIAN EQUIPMENT CORP., a/k/a Guardian Security Equipment Corp., Debtor.

GUARDIAN EQUIPMENT CORP., Plaintiff,

v.

Walter CONKIE, Defendant.

Bankruptcy No. 81–01452–BKC–SMW. Adv. No. 82–0304–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

May 28, 1982.

Michael Richard Meng, Boca Raton, Fla., for defendant.

Patricia A. Redmond, Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon a Complaint to Recover a Preference filed herein and the Court, having heard the

testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

That this Court has jurisdiction of the parties hereto and the subject matter hereof.

The debtor's Complaint seeks to recover an alleged preferential transfer in the form of a sale of stock completed by a former officer and director of the debtor corporation prior to the filing of the petition for bankruptcy. By agreement of the parties and with the Court's approval, the issues to be tried herein were bifurcated and the issue of whether the defendant was an insider within one year prior to the filing of bankruptcy was heard first leaving other issues for disposition later, if necessary. To focus the issue more sharply, it was agreed that if the defendant was an insider within the meaning of 11 U.S.C. § 101(25)(A) during a one year period prior to the filing of the bankruptcy petition on September 10, 1981, then proceeds from the sale of stock in the debtor corporation by the defendant within one year of filing must be turned back to the estate pursuant to 11 U.S.C. § 547. The defendant alleges that he ceased being an insider of the debtor corporation on February 4, 1980, when the other shareholders in the company attempted to oust the defendant from his office. The debtor on the other hand, argues that the insider relationship ended on December 3, 1980, when a formal letter of resignation was received and accepted by the company pursuant to an agreement for the purchase of defendant's stock. The Court is required to determine the single factual issue of which date actually marks the culmination of the defendant's insider status.

Testimony and documentary evidence introduced at trial demonstrated that an attempt had been made to remove the defendant as an officer and director of the debtor corporation in February and March of 1980. The defendant was notified that his position in the company had been terminated in a meeting of the Board of Directors held on February 4, 1980. The validity of this termination was disputed by the defendant's attorney and asserted repeatedly by the debtor on various occasions in March. Negotiations ensued for the sale of the defendant's stock interest in the debtor corporation and subsequently, on August 13, 1980, the parties entered into a purchase of stock agreement pursuant to which the defendant agreed to "deliver to the Corporation his resignation as an Officer and Director of the Corporation effective as of date of closing." (Debtor's Exhibit No. 1, paragraph 3.) The defendant complied with this provision of the agreement at the closing on December 3, 1980, when he executed and delivered his formal resignation and assignment of stock.

The formalities envolved in the sale of stock belie the reality of the situation. Testimonial evidence shows that the defendant gave up the privileges and duties of an officer and director of the debtor on February 4, 1980, after which date the defendant never returned to the company's premises except to pick up his severance pay and never again exercised the rights or duties of a director or officer. Although, by the terms of the stock purchase agreement, he was to maintain his position until the closing of the stock transaction on December 3, 1980, he never asked for nor was he given access to the books of the company after February 4, 1980. The past president of the debtor corporation stated that the company considered the defendant was no longer an officer or director after February 4, 1980, and that the defendant was never consulted on company matters or notified of subsequent meetings of the Board of Directors after that date. Based on the facts above, it would be placing form over substance to find that the formal resignation of rights which accompanied the purchase of stock agreement outweighs other evidence that the actual termination of the debtor's insider status took place in February, 1980. Therefore, the Court finds that the termination of the defendant's insider status actually occurred on February 4, 1980, more

than one year before the filing of the debtor's petition in bankruptcy. On this basis, the Court will enter an order contemporaneous with these Finding of Fact and Conclusions of Law denying plaintiff's prayer for recovery of a preference under 11 U.S.C. § 547.