**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: RONALD KENT KUNZ, also
known as R. Kent Kunz, also known
as Kent Kunz, also known as K. Kunz,
also known as R. Kunz,

        Debtor,

------------------------

STEPHEN W. RUPP, Trustee,

        Plaintiff - Appellant,

v.

UNITED SECURITY BANK,

        Defendant - Appellee.

No. 06-4014

---

**APPEAL FROM THE BANKRUPTCY APPELLATE PANEL**
**FOR THE TENTH CIRCUIT**
**(BAP No. UT-05-021)**

---

Jeremy C. Sink (Stephen W. Rupp, with him on the briefs), McKay, Burton &
Thurman, Salt Lake City, Utah, for Appellant.

Don J. Pool, The Law Firm of Powell & Pool, Fresno, California, for Appellee.

---

Before **BRISCOE**, **HOLLOWAY**, and **McCONNELL**, Circuit Judges.

**HOLLOWAY**, Circuit Judge.

This is an appeal from a decision by the Bankruptcy Appellate Panel of the Tenth Circuit (the BAP).[1] Jurisdiction in this court is conferred by 28 U.S.C. § 158(d).

**I**

One of the purposes of bankruptcy law is to provide fair remedies to creditors generally, and a corollary of this principle is to prevent, within limits, a debtor from giving preferred treatment to some creditors in derogation of the interests of other, similarly situated creditors. A debtor might be motivated to prefer one creditor or some creditors over his creditors generally for a number of reasons, including personal and business connections. The supervision of the bankruptcy court generally prevents unwarranted preferential treatment. But the law has long recognized and addressed the concern that a debtor could circumvent this policy by making preferential transfers before filing his bankruptcy petition.

The power and duty to address preferential transfers in Chapter 7 cases is initially vested in a trustee appointed by the bankruptcy court to supervise the bankruptcy estate. As discussed *infra*, the Bankruptcy Code provides that a transfer to any creditor less than 90 days before filing a bankruptcy petition can be set aside if it meets other statutory criteria (including generally that the

---

[1]That decision is reported at 335 B.R. 170.

-2-

transfer is made for the benefit of a creditor on account of a pre-existing debt, while the debtor was insolvent, and results in the creditor receiving more than she would if the debtor's assets were liquidated in bankruptcy). Moreover, the law recognizes that there will be some creditors who may be especially likely to receive favorable treatment; under the Code, these are termed "insiders." Consequently, a trustee may "avoid" (*i.e.*, nullify) transfers to insiders when the other criteria are present and the debtor made the transfer within one year before filing bankruptcy. *See* 11 U.S.C. § 547(b).

Congress has included in the definition of insiders family members and others with close relationships to the debtor, including corporations for which an individual debtor serves as an officer or director. The principal issue presented in this appeal is whether a "director emeritus" is a "director" within the meaning of 11 U.S.C. § 547 (b) of the Bankruptcy Code. The Trustee maintains that the Bank is both a per se insider and an extra-statutory insider. Appellant's Brief at 20.

## II

This appeal arose from a bankruptcy proceeding filed by Mr. Ronald Kent Kunz (the Debtor). The Bankruptcy Court appointed Mr. Stephen Rupp (the Trustee), appellant in this court, to be trustee of the Debtor's estate. The issue before us concerns pre-petition transfers from the Debtor to Appellee United Security Bank (United). The Debtor had been involved in the initial organization of United and had been a member of United's board of directors until he resigned

from the board in 1990. Since resigning from the board, the Debtor has held the title "director emeritus" but has not attended any meetings of the board. Debtor has no decision-making power, no office, and no staff; he is not entitled to attend any meeting on United's business. Directors emeritus of United receive a fixed monthly honorarium of $400.00 and are listed in United's annual reports.

Debtor filed his bankruptcy petition on November 27, 2002. Beginning about one year earlier, Debtor had attempted, through counsel, to negotiate settlements of substantial debts he owed to United and two other lenders, Comerica Bank and Wells Fargo Bank. During the year prior to commencement of the bankruptcy action, Debtor made payments to each of these three creditors. According to allegations made by the Trustee, which are not at issue in this appeal, Debtor's property transfers and payments to United were preferential in the legal sense of improving United's position relative to other creditors.

Comerica Bank and Wells Fargo Bank each filed a proof of claim in the bankruptcy court, while United did not. The Trustee alleges that one year prior to bankruptcy, Debtor owed United $611,537.69, of which $494,000.00 was unsecured. On the date of filing bankruptcy, the Trustee alleges, that debt had been reduced to $367,437.42, of which only $17,437.42 was unsecured. These amounts are contested, but this interlocutory appeal does not require this court to address those issues.

-4-

# III

## *Decision of the Bankruptcy Court*

The Trustee brought an adversary proceeding to avoid and recover the value of transfers by the Debtor to United of two parcels of real property, 220,000 shares of stock in a television company, and $46,459 in cash payments. The Trustee contended that the transfers to United should be rescinded under the relevant provision of the Bankruptcy Code, which provides that the trustee

> may avoid any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
> > (A) on or within 90 days before the date of the filing of the petition; or
> > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
> > (A) the case were a case under chapter 7 of this title;
> > (B) the transfer had not been made; and
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The transfers had been made less than one year but more than 90 days before Debtor filed his petition, so the Trustee had to show that the transfers were to an "insider," that is that United was an "insider" of the Debtor.

United and the Trustee each filed motions for partial summary judgment.

The Bankruptcy Court denied United's motion and granted the Trustee's motion, concluding *inter alia*:

> 4. [United] is an insider of the Debtor pursuant to the plain meaning of Section 101(31) of the United States Bankruptcy Code.
>
> 5. Section 101(31) includes, as insiders of a debtor, corporations for which the debtor is a director.
>
> 6. [United] held the Debtor out to the public, to investors, and to customers as a director emeritus.
>
> 7. The term "emeritus" is an adjective. An adjective is a word belonging to one of the major form classes in any of numerous languages, and typically serves as a modifier of a noun to denote a quality of the thing named, to indicate its quality or extent, or to specify a thing as distinct from something else. Webster's New Collegiate Dictionary (1979).
>
> 8. The word "director" is a noun used in Section 101(31)(A)(iv) of the Code to define when a corporation is an insider.
>
> 9. The word "emeritus" [is] an adjective that does nothing more than modify the noun "director." This leaves the Debtor as a director in the same sense that a "second class director" or a "voting director" is a director of a corporation.

Accordingly, the Bankruptcy Court granted the Trustee's motion for partial summary judgment and denied United's motion for partial summary judgment.

### *Summary of the BAP's Opinion*

The BAP granted leave for United to pursue an interlocutory appeal under authority of 28 U.S.C. § 158(a)(3) and reversed the decision of the Bankruptcy Court. The BAP noted that the only issue before it was whether United is an

insider of the Debtor.[2]

The BAP then noted the statutory definition: "Section 101(31) provides that 'the term "insider" includes – (A) if the debtor is an individual – . . . (iv) [a] corporation of which the debtor is a director, officer, or person in control[.]'" The Bankruptcy Court had essentially held that a director emeritus is a director because "emeritus" is merely an adjective. The BAP disagreed. For one thing, the BAP said, the reliance on the definition of an adjective was misplaced. Under that reasoning, a "former director" would also be a director, because "former" is an adjective.

The BAP then looked at Webster's Dictionary and Black's Law Dictionary for the definition of "director." Under these authorities, the term includes an element of control of the corporation. The legislative history of the statute revealed intent to use the term consistently with that common understanding, the BAP further observed. But the Debtor, as a director emeritus, had no authority to control United to any extent on the facts presented.

Therefore, the BAP concluded that the grant of partial summary judgment to the Trustee was improper and reversed the Bankruptcy Court's decision. The BAP affirmed the Bankruptcy Court's denial of United's cross-motion for partial summary judgment; no appeal has been taken from that ruling.

_____

[2]The BAP noted that issues regarding the Debtor's insolvency and the amount of the transfers remained for trial in the bankruptcy court.

**IV**

We independently review the decision of the Bankruptcy Court here, not that of the BAP. *Alderete v. Educ. Credit Mgmt. Corp. (In re Alderete)*, 412 F.3d 1200, 1204 (10th Cir. 2005); *In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir. 2000). Because the basic issue here is one of interpretation of the bankruptcy statutes and there are no disputed issues of fact, see note 3, *infra*, our standard of review is *de novo*. *Midkiff v. Stewart (In re Midkiff)*, 342 F.3d 1194, 1197 (10th Cir. 2003).

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989). "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985).

When the term "director" is used in reference to a corporation, as it is used in the statutory definition of "insider," the term plainly means a person who is a member of the governing board of the corporation and participates in corporate governance. *See* Webster's Third New Internat'l Dictionary 641 (1993); Black's Law Dictionary 472-73 (7th ed. 1999).

When we turn to the meaning of "director emeritus," however, we take note

of the common understanding of the term "emeritus" but look more closely to the particular meaning of the term as used by the parties in the case, especially United, which conferred the title. "Emeritus" is defined as: "1. holding after retirement (as from professional or academic office) an honorary title corresponding to that held last during active service; 2. retired from an office or profession . . . ." Webster's Third New Internat'l Dictionary 741. Looking at the undisputed facts of this case, the term seems to have been used by United in a way consistent with the common understanding. That is, Debtor, as a director emeritus, held an honorary title after retirement from active service on United's board. As noted previously, he had not attended any board meetings and was not entitled to attend any meeting on United's business, and he had no voting rights or other authority. We conclude that the undisputed facts establish that the Debtor was not a director in the ordinary understanding of the term. His position was instead closer to that of "honorary director" or "retired director."

This appears to be an issue of first impression. We find some support for our holding – which we think is straightforward – from analogous rulings of other courts. Dealing with the same question of whether a person was an insider of the debtor, one court has held that a former spouse is not a relative of the debtor (and so not an insider per se) within the meaning of the Bankruptcy Code, although a spouse clearly is a relative and thus an insider. *Miller v. Schuman (In re Schuman)*, 81 B.R. 583, 585-86 (B.A.P. 9th Cir. 1987). In a considerably

different context, it was held that an "honorary consul" is not a "consul" within the meaning of 28 U.S.C. § 1351(1). *Foxgord v. Hischemoeller*, 820 F.2d 1030 (9th Cir. 1987).

The Trustee argues that the construction we adopt as the commonsense meaning of the term actually distorts the meaning by adding a qualification that is not present in the statute. The Trustee argues that the term must be construed to include any kind of director, no matter what adjective might be employed in conjunction with the term. We disagree and conclude that such a global construction of the term would defy commonsense, frustrate legislative intent, and distort the ordinary meaning of the term. Under the Trustee's view, a "former director" would be no different from a "managing director," because mere adjectives should not be allowed to narrow the scope of the noun that is modified. But this argument is quite inconsistent with common understandings and would lead to absurd results.

A step back to examine the statutory context of the issue shows that our holding is consistent with the legislative intent. To demonstrate this, we first quote the provision more completely:

The term "insider" *includes* –

  (A) if the debtor is an individual –
    (I) relative of the debtor or of a general partner of the debtor;
    (ii) partnership in which the debtor is a general partner;
    (iii) general partner of the debtor; or
    (iv) corporation of which the debtor is a director, officer, or

-10-

person in control . . . .

11 U.S.C. § 101(31)(A) (emphasis added).

Courts have held that the use of the word "includes" in this section indicates that Congress did not intend for the categories listed to be exclusive. Instead, the categories are "illustrative rather than exhaustive." *In re Krehl*, 86 F.3d 737, 741 (7th Cir. 1996). Consequently, the authorities are in agreement that there are

> two distinct types of insiders, [first] those entities specifically mentioned in the statute ("relative," "partnership," "general partner," and "corporation"), *i.e.* per se insiders, or [second] those not listed in the statutory definition, but who have a "sufficiently close relationship with the debtor that . . . conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor."

*Miller Avenue Professional & Promotional Serv. v. Brady (In re Enterprise Acquisition Partners)*, 319 B.R. 626, 631 (B.A.P. 9th Cir. 2004) (quoting *Wilson v. Huffman*, 712 F.2d 206, 210 (5th Cir. 1983)).

Each of the two categories of insiders

> "is based on either one of two relational classifications. First, the Code assigns insider status to entities or relatives of the debtor, or of persons in control of a related entity, *whose affinity or consanguinity gives rise to a conclusive presumption that the individual or entity commands preferential treatment by the debtor.* Second, insider status may be based on a professional or business relationship with the debtor, in addition to the Code's *per se* classifications, *where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of dealings between the parties.*"

-11-

*In re Enterprise*, 319 B.R. at 631 (quoting *Friedman v. Sheila Plotsky Brokers, Inc. (In re Friedman)*, 126 B.R. 63, 69 (B.A.P. 9th Cir. 1991)).

Thus, for example, a general partner or a relative is an insider per se, without need for showing the specific nature of the relationship with the debtor in a particular case. A person or entity not made an insider per se can still be treated as an insider on a showing that the person or entity in fact had a relationship with the debtor that was sufficiently close that the two were not dealing at arm's length. Thus, in *Krehl*, the court held that the former president of a company had been an insider solely by virtue of office prior to his resignation. After his resignation, he continued to be an insider – not because he was "president emeritus" or "former president," as the Trustee in this case would apparently argue – but because on the evidence he remained in control of the company.

We conclude that it was the legislative intent that a person with a relationship designated in the statute be treated as an insider because of the high potential for control inherent in those relationships, and that other persons may be found to be insiders in particular cases, based on the specific facts. We conclude that it is more consistent with this overall understanding of the function of the statutory definition of "insider" – as well as true to the actual language – to hold here that Debtor, a "director emeritus," was not a "director" within the meaning of the definition.

Our analysis does not foreclose the possibility that United may still be found to be an insider of the Debtor. Like the BAP, we find that the determination whether United is an insider of the second type requires the weighing of evidence and so cannot properly be made on summary judgment.[3] We accordingly express no opinion on this point.

### *Conclusion*

We hold that Debtor's title of "director emeritus" of United does not make United a "per se insider" of the Debtor, that is an insider as a matter of law based only on the position the Debtor held. Whether United is ultimately determined to be an insider, based on the specifics of their dealings, is left to the Bankruptcy Court to determine on remand. The Bankruptcy Court's grant of the Trustee's motion for partial summary judgment is accordingly

REVERSED. The cause is REMANDED to the Bankruptcy Court for further proceedings in accord with this opinion.

---

[3]This is not to say that the partial summary judgment entered by the Bankruptcy Court was in error due to the presence of questions of fact. At this juncture, determining whether United was an "insider" of the second type due to its relationship with Kunz – a question we do not reach – is left for the Bankruptcy Court to determine on remand.