**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

REDIE BELL LEWIS,

        Debtor.

---

REDIE BELL LEWIS,

        Plaintiff-Appellant,

v.

BNC MORTGAGE, INC.; OPTION
ONE MORTGAGE, CORP.; FIRST
UNION NATIONAL BANK;
KOZENY AND MCCUBBIN, L.C.;
MILLER ENTERPRISES, INC.;
JEFFREY L. MILLER; ADAMSON
AND ASSOCIATES, INC.;

        Defendants-Appellees,

and

MAPLEWOOD MORTGAGE, INC.,

        Defendant.

No. 06-3236
(BAP No. KS-05-22)
(BAP)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

Appellant Redie Bell Lewis, proceeding pro se, appeals the judgment of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's dismissal of her adversary proceeding based on claims of negligence and fraud, as well as violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968; the Truth in Lending Act (TILA), 15 U.S.C. § 1639(h); and the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691(a). We exercise jurisdiction under 28 U.S.C. § 158(d)(1), grant Ms. Lewis's request to proceed on appeal in forma pauperis, and affirm.

*Background*

The parties are familiar with the facts and procedural history. Accordingly, we provide only an abbreviated outline of the background. Ms. Lewis's claims arose from her February 2000 purchase of a home in Lenexa, Kansas. The defendants are the homebuilder, Miller Enterprises, Inc., whose president was defendant Jeffrey L. Miller (collectively, "Miller"); the appraiser, Adamson and Associates, Inc. ("Adamson"); the mortgage lender, BNC Mortgage, Inc.

---

*(...continued)
therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("BNC"); the loan servicing agent, Option One Mortgage Corp. ("Option One"); and the closing agent, Maplewood Mortgage, Inc. ("Maplewood").[1] Additional defendants are the assignee of the original mortgage lender, First Union National Bank ("First Union"); and its attorneys, Kozeny and McCubbin, L.C. ("McCubbin").

In September 2000, McCubbin filed a foreclosure action in state court on behalf of First Union. Ms. Lewis opposed the foreclosure, claiming that the mortgage had not been assigned to First Union from BNC, the original mortgage lender. Eventually, in November 2002, a Kansas state court entered a judgment of foreclosure in First Union's favor.

In May 2003, Ms. Lewis filed a Chapter 13 bankruptcy petition and, shortly thereafter, she filed the underlying adversary proceeding. She asserted five claims in her amended complaint.[2] Count I was a negligence claim against First Union and McCubbin based on her assertion that the mortgage had not been assigned to First Union at the time the state-court foreclosure action was filed. In Count II, Ms. Lewis asserted RICO claims against all defendants. Count III named Miller, Adamson, and Maplewood, and claimed that they committed fraud and misrepresentation by making false representations about the quality and

---

[1] Maplewood was never served with process so Ms. Lewis's claims against it are not before us.

[2] Ms. Lewis filed the original complaint pro se. The amended complaint and subsequent pleadings were filed on her behalf by her attorney.

construction of the house and about matters concerning the financing. Count IV

alleged that BNC and First Union violated the TILA by failing to make certain

disclosures prior to the closing on the property. Finally, Count V claimed that

BNC, First Union, Miller, and Option One violated the ECOA by discriminating

against her on the basis of race in connection with the home purchase.

On July 8, 2004, the bankruptcy court dismissed all counts except for Count

II alleging RICO violations. The court held that Ms. Lewis's claims were barred

by the two-year Kansas statutes of limitations for actions based on negligence or

fraud, the one-year statute of limitations for actions filed under the TILA, and the

two-year statute of limitations for actions filed under the ECOA. The court also

opined that Ms. Lewis's claims against First Union based on conduct occurring

before the state-court foreclosure judgment were precluded by the doctrine of res

judicata and the *Rooker-Feldman* doctrine.[3] The bankruptcy court afforded

Ms. Lewis an opportunity to amend her complaint to meet the requirements for

pleading a RICO claim. In addition, the court lifted the stay of discovery to

permit eight weeks for discovery relative to the RICO claims.

Ms. Lewis then filed a second amended complaint in which she attempted

to fulfill the pleading requirements for a RICO claim. Defendants again filed

motions to dismiss. The bankruptcy court granted the motions on March 11,

---

[3]     *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

2005, holding that Ms. Lewis's second amended complaint still did not plead RICO violations with sufficient specificity. With regard to First Union, the court noted that Ms. Lewis once more alleged only conduct occurring before the state-court foreclosure judgment. Therefore, the court held that the RICO claim against First Union was barred by res judicata. Accordingly, the court dismissed with prejudice Ms. Lewis's second amended complaint.

Also on March 11, 2005, the bankruptcy court granted the motion to withdraw filed by Ms. Lewis's attorney. The court noted that Ms. Lewis had voiced no objection to her attorney's request to withdraw and that no action was pending in the case, given the court's orders of dismissal.

Ms. Lewis appealed to the BAP. The BAP affirmed the bankruptcy court's rulings and denied Ms. Lewis's motion to reconsider.

Ms. Lewis now appeals to this court. Ms. Lewis challenges the bankruptcy court's orders dismissing her claims and permitting her attorney to withdraw. In addition, she asserts (1) the bankruptcy court's Revised Scheduling Order unreasonably required her to serve all new defendants within five days; (2) the bankruptcy court ordered disbursements to Option One, even though her attorney did not participate in drafting or signing the order; (3) the bankruptcy court stayed discovery for nine months, thus prejudicing her ability to discover relevant information and documents to prosecute her adversary proceeding; (4) the bankruptcy court ordered her to pay $2,069 per month into her Chapter 13 plan,

but the money went to Option One, which was an improper preferential treatment of a creditor; (5) the bankruptcy court entered a protective order on the stipulation of only two parties, prevented her from viewing a trust agreement, and failed to enforce its order requiring McCubbin to file the protective order; (6) the bankruptcy court granted her motion to file subpoenas out of time, but then terminated discovery before she had the opportunity to review business records that she asserts showed a RICO violation; (7) she made payments under her Chapter 13 plan and the trustee was paid administrative fees, but the plan was never confirmed; (8) an indictment filed against defendant Miller was relevant to her fraud and RICO claims; and (9) she is entitled to the return of all funds disbursed to Option One because it had foreclosed on the property before she filed for bankruptcy.

*Standards of Review*

We review independently the bankruptcy court's orders, not the BAP's decision. *Rupp v. United Sec. Bank (In re Kunz)*, 489 F.3d 1072, 1077 (10th Cir. 2007). Specifically, we consider "the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard." *Houlihan Lokey Howard & Zukin Capital v. Unsecured Creditors' Liquidating Trust*, 427 F.3d 804, 810 (10th Cir. 2005) (quotation omitted). Here, the bankruptcy court dismissed Ms. Lewis's claims pursuant to Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6); the

doctrine of res judicata; and the *Rooker-Feldman* doctrine. Therefore, our review of the dismissal orders is de novo. *See Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007) (holding dismissals pursuant to *Rooker-Feldman* doctrine reviewed de novo); *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 713 (10th Cir. 2006) (stating dismissals under Rule 12(b)(6) are reviewed de novo); *Diamond v. Premier Capital, Inc. (In re Diamond)*, 346 F.3d 224, 226 (1st Cir. 2003) (reviewing de novo dismissal of adversary proceeding for failure to state a claim); *Lawrence v. Wink (In re Lawrence)*, 293 F.3d 615, 620 (2d Cir. 2002) (stating dismissal of adversary proceeding on res judicata grounds is ordinarily reviewed de novo). We construe pro se litigants' pleadings liberally and hold them to "a less stringent standard than formal pleadings drafted by lawyers," but we do not make legal arguments or perform legal research for them. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (quotation omitted).

*Discussion*

Before addressing the merits, we hold, contrary to the BAP's determination, that this court has jurisdiction over Ms. Lewis's challenges to various orders entered prior to the final orders of dismissal. Although Ms. Lewis did not list those orders in her notice of appeal, Aplee. BNC's App., Vol. III at 230-31, "as counsel should know, a notice of appeal which names the final judgment is sufficient to support review of all earlier orders that merge in the

-7-

final judgment." *Montgomery v. City of Ardmore*, 365 F.3d 926, 934 (10th Cir. 2004) (quotation omitted). We decline to address most of Ms. Lewis's appellate issues, however, "because our general rule is not to address arguments that were not first presented to the [trial] court." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1198 n.2 (10th Cir. 2006). "An issue is preserved for appeal if a party alerts the [trial] court to the issue and seeks a ruling." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, ___ F.3d ___, 2007 WL 2285901, at *5 (10th Cir. Aug. 10, 2007). No objection was made to the bankruptcy court regarding the rulings Ms. Lewis now claims require reversal, except the two orders dismissing her claims. Therefore, we address only those orders.

We have carefully reviewed the record on appeal, the parties' briefs, and the applicable law. Applying the standards set out above, we affirm the bankruptcy court's comprehensive and thorough orders dismissing Ms. Lewis's claims substantially for the reasons stated in its orders dated July 8, 2004, and March 11, 2005.[4]

Ms. Lewis has attached to her brief a copy of a criminal indictment against defendant Miller claiming that it demonstrates fraud and RICO violations in her

---

[4]     The bankruptcy court held in part that a RICO claim against a corporate defendant must identify the specific individuals acting for the corporation in conducting or directing the RICO enterprise. This court has not yet spoken on this issue and we need not in this case, given the multiple grounds under which the RICO claim fails.

case.  We may not consider this document because it was not submitted to the bankruptcy court.  *Fleming v. Gulf Oil Corp.*, 547 F.2d 908, 911 (10th Cir. 1977).

*Conclusion*

Ms. Lewis's request to proceed in forma pauperis is granted.  The judgment of the bankruptcy court is AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge